MARTIN DEWEY, *Plaintiff in Error*,

vs.

ELBRIDGE G. FIFIELD, *Defendant in Error*.

ERROR TO THE ROCK COUNTY COURT.

By the words "*personal action,*" as used in Sec. 8 of Chapter 120, of the Revised Statutes, the ordinary action *in personam* for the recovery of money or damages, is not intended.

Such an action is not at all calculated to give the plaintiff the relief which the statute provides.

A general judgment in an action *in personam*, or personal action, binds the real estate of the debtor throughout the county in which the judgment is rendered, from the day of its rendition.

But the object of the proceeding prescribed by Chapter 120 of the Revised Statutes is, to bind the particular property on which the lien is sought to be fixed, from the date of the furnishing the work and labor, or materials used or bestowed thereon.

Though the action, in proceedings under Chapter 120 of the Revised Statutes, may be personal, it must be adapted to the object to be accomplished. The declaration must therefore contain the necessary averments to show, not only that a sum of money is due to the plaintiff, but that the debt was created by the performance upon, or materials furnished for the building; it should state that the petition was filed within the time prescribed by the statute; also a description of the building and of the premises on which it is situated.

When there are several counts in a declaration, some of which are good, and one of them is bad, and there is a general verdict upon all the counts in favor of the plaintiff, no judgment can be rendered unless it can be shown that the testimony related to the good counts only.

So, also, the same consequence follows, when there is a default for want of a plea, and an assessment of damages is had upon all the counts.

The judgment in a proceeding under Chapter 120 of the Revised Statutes, ought not to direct a sale of the land on which the building is situated, or any part thereof, but only the interest which the defendant had therein.

It was not the intention of the legislature, by Chapter 120, to authorize the sale of property belonging to other persons, to pay the debt contracted by the owner of a building for the erection thereof, but only such interest as the builder may have in the land on which the erection is made.

This was an action to enforce a mechanic's lien.

Dec. Term
1853.

Dewey
vs.
Fifield.

The defendant in error filed his petition for a lien for timber and shingles sold by him to the plaintiff in error, and which were alleged to have been used by said plaintiff in error in the construction of a dwelling house. It was alleged and claimed in said petition, that there was due at the time of filing the same, from said plaintiff in error to said defendant in error, for said timber and shingles, the sum of four dollars and five cents. The said petition was filed with the clerk of the County Court of Rock county, the 18th day of February, A. D. 1852. On the same day a summons was issued out of the County Court of Rock county in favor of said defendant in error against said plaintiff in error, by which the said plaintiff in error was summoned to appear before said court on the first Monday in May, A. D. 1852, to answer unto said defendant in error in a plea of trespass on the case upon promises.

On the 15th day of April, A. D. 1852, the defendant in error filed his declaration in this cause, containing two counts; in one of which counts it was set forth that the said plaintiff in error was indebted to said defendant in error for shingles, boards, scantling, joist, planks, timber and other materials, sold and delivered to said plaintiff in error for the purpose of being used by him in and about the construction of a certain dwelling house, on a certain lot owned by said plaintiff in error; and it was alleged in said count, that said defendant in error was a lumber merchant, and that said materials were used by said plaintiff in error in and about the construction of said dwelling house on said lot. The other count was for shingles, planks, timber, &c., sold and deliv, ered. There was also a notice subjoined to said dec-

laration, that this suit was prosecuted to enforce a
lien for which a petition had been filed, on which the
sum of four dollars and five cents, exclusive of inter-
est, was claimed. The plaintiff in error did not plead
to the declaration, and his default was duly entered
at the May term of said court for the year 1852, and
an order was entered that a writ of inquiry issue to
assess the damages of the defendant in error; where-
upon a writ of inquiry was issued directed to the
sheriff, commanding him, by the oath of six good and
lawful men of said county, to inquire what damages,
&c. On the 10th day of June, A. D. 1852, the said
sheriff of Rock county summoned a jury of six per-
sons, who, after hearing the proofs, assessed the dam-
ages at four dollars and five cents, but found that the
said defendant in error had no lien for said damages
on the said lot. On the 25th day of June, A. D.
1852, the said defendant in error, by his attorney,
presented a bill of costs in this case for taxation, to
the clerk of said County Court, pursuant to a notice
served on the said plaintiff in error; and the said
clerk refused to allow and tax costs in favor of said
defendant in error, and the said defendant in error
appealed from said taxation to the County Court of
Rock county, and the judge of said court, upon said
appeal, after hearing the attorneys of the respective
parties, allowed and taxed costs in favor of said de-
fendant, to the amount of thirty-two dollars and
twenty-three cents, and taxed and allowed the sum of
sixteen dollars, attorney's fees in this cause, as a part
of said amount, on the ground that the default of said
plaintiff in error for not pleading, admitted the lien
on said premises as was claimed in said declaration,
and judgment was rendered by said court in favor of

said defendant in error for the sum of four dollars and five cents damages, and thirty-two dollars and twenty-three cents costs sustained by said defendant in error in and about this suit, and directed a sale of the premises described in the declaration.

The following errors are assigned by the counsel for plaintiff in error in this cause:

1st. The court erred in rendering judgment for costs in this cause without proof to establish a lien, the recovery being less than one hundred dollars.

2d. There is no law allowing damages to be assessed in the County Court by a writ of inquiry.

3d. The damages should have been assessed by a jury of twelve instead of six.

4th. An application was made for taxation of costs before the rendition of judgment.

5th. The writ of inquiry was made returnable improperly in this cause—it should have been made returnable at the next term after the issuing thereof.

6th. The court erred in giving judgment for costs in this cause.

7th. The court erred in taxing attorney's fees at sixteen dollars.

*D. Noggle*, for plaintiff in error.

I. The court erred in rendering judgment for costs in this cause without evidence tending to establish a lien, or a recovery of over $100 (being within the jurisdiction of a justice of the peace.) *Rev. Stat. p.* 654; 3 *Chit. Gen. Prac.* 673.

II. In rendering judgment before an entry of defendant's default and a rule for interlocutory judgment. *Rev. Stat. p.* 553, *sec.* 1 *and* 2; *2d Ed. Gra-*

*ham Pr.*, p. 786-7; *1st vol. Humphrey's Practice*, p. 223-4; *Burrill's Practice*.

III. In assessing damages in any other way than is provided by chap. 101 of Revised Statutes, p. 533.

IV. The writ of inquiry was improperly issued, and made returnable. By statute, all "writs and process" are made returnable at or on the first day of the next succeeding term. And writs of inquiry are only given by the common law, and at the common law the inquiry and assessment must be made by a jury of twelve. *Const. of Wisconsin, p.* 19, *sec.* 5; *2d Kent's Com., p.* 13, *note and cases there cited; 6th Blackford,* 461, *Jackson et al. vs. The State;* 1 *Chitty's Crim. Law,* 505; *Const. of Wis., Art.* 7, *sec.* 17; *Rev. Stat., p.* 435, *sec.* 12, 13; *id., p.* 760, *sec.* 7; *id., p.* 493; *Rules of County Court,* 5, 21.

V. In rendering judgment for damages and taxing costs, including $16 attorney's fees. 1 *Tidd's Prac.,* 574, 587, 582; *Rev. Stat., p.* 675; 5 *Mass.* 388; 7 *id.* 453; 3 *Chitty,* 673; 1 *Chandler,* 212.

*G. B. Ely,* for defendant in error.

Error will not lie on judgment by default. 2 *Cowen,* 31; 12 *John.* 493; 13 *John.* 561; 25 *Wend.* 249.

Costs are *de incremento,* and rather incidents to the judgment than a part of it; and error does not lie on judgment for costs. *Dean et al. vs. Williams,* 1 *Chandler,* 23; *Harmon vs. Broome,* 1 *Tyler,* 415; 2 *U. S. Dig., Tit. Error,* 21.

The right of lien is specially declared on, and properly so. *Cornelius vs. Grant,* 8 *Missouri,* 59; 2 *Sup. U. S. Dig., Tit. Lien,* 100; *Rock County Court Rules, No.* 107.

A general verdict establishes a lien. 7 *How. Miss.*

*R*. 131 ; 2 *Sup. U. S. Dig., Tit. Lien,* 92. And so a judgment by default. 2 *Miles,* 208 ; 2 *Sup. U. S. Digest, Tit. Lien,* 53.

Liens are proceedings *in rem,* where the specific thing sued for, *i. e.* the lien, is enforced. And so far as the right of lien is concerned, the judgment by default is complete. *Rev. Stat., chap.* 120, *sec.* 8 & 9; 5 *Pike,* 237 ; 2 *Sup. U. S. Dig., Tit. Lien,* 97 ; *Monell's Pr.* 6 ; 3 *Blackstone's Comm.* 397.

It is not error to tax $16.00 attorney's fees, though the recovery be less than $200. For liens are a special proceedings *in rem,* to enforce a specific remedy against the realty, and not what are technically termed actions on contract. *Rev. Stat., chap.* 120, *sec* 8 ; 5 *Pike,* 237 ; 2 *Sup. U. S. Dig., Tit. Lien,* 97 ; *Monell's Pr.* 6 ; *Rev. Stat., chap.* 131, *sec.* 33.

*By the Court,* WHITON, C. J. It appears that this action was brought in the Rock County Court, by Fifield against Dewey, to enforce a lien upon a dwelling house, pursuant to chapter 120 of the Revised Statutes.

A petition was filed, and the action was commenced within the time limited by the statute. It appears further, that the defendant was defaulted, and that a writ of inquiry was issued to assess the plaintiff's damages. The jury consisted of six jurors, who assessed the damages at four dollars and five cents. The jury further found that the plaintiff had no lien upon the building of the defendant. Upon this assessment and finding of the jury, the court rendered a judgment against the defendant for the sum of four dollars and five cents damages, together with costs, and ordered that the judgment be satisfied by a sale of

Dec. Term
1853.

Dewey
vs
Fifield.

the premises described in the plaintiff's petition, or of such part thereof as should be sufficient for that purpose.

The plaintiff in error seeks to reverse this judgment for the following reasons :

1st. Because the judgment for costs is erroneous, there being no testimony to show that the plaintiff had a lien upon the building, and, of course, nothing to show but that the action could have been brought before a justice of the peace.

2d. Because the damages were assessed by a jury of six, there being no authority for this mode of assessment in the County Court ; and

3d. Because the writ of inquiry should have been made returnable on the first day of the next term of the court, and the jury to assess the damages, should have consisted of twelve jurors.

The view which we have taken of the case, renders it unnecessary to consider any of these objections, as we think that the declaration is entirely insufficient to warrant the judgment which was rendered. The statute under which the suit was brought, creates a lien upon any building erected, in favor of any person who shall perform labor upon it, or who shall furnish materials used in its construction, and provides a mode in which the lien can be enforced. The statute also creates a lien upon the interest of the owner of the building in the land upon which it is situated, not exceeding one acre, if within the limits of any city, town or village plat, and not exceeding forty acres, if without those limits. In order to enforce the lien, a " petition or claim for the same " must be filed, and an action instituted within one year from the time the work was done, or the materials were provi-

DEC. TERM
1853.

Dewey
vs.
Fifield.
ded. The eighth section of chapter one hundred and twenty, above referred to, is as follows:

"In all cases of lien created by this act, the person having a claim filed in accordance with its provisions, may proceed to recover it by personal action against the debtor, his executors or administrators, or, when the plaintiff is a sub-contractor, by a *scire facias* against the owner of the building."

In this case, the plaintiff brought an action against the debtor, who was the owner of the dwelling house.

By the words "personal action," as used in the section of the statute above quoted, we do not suppose the ordinary action *in personam* for the recovery of a sum of money or damages, against the debtor, is intended, because such an action is not at all calculated to give the plaintiff the relief which the statute provides. The judgment in such an action would bind the real estate of the debtor only from the time it was rendered, whereas he seeks to make the building, and the interest of the owner of it in the land upon which it is situated, liable from the time the labor was performed, or the materials were provided. But we think that while the action is personal, it must be adapted to the object to be accomplished; the declaration should therefore contain the necessary averments to show not only that a sum of money is due the plaintiff, but that the debt was created by the performance of labor upon, or materials furnished for the building; it should state, also, that the claim or petition was filed within the time limited by the statute, and it should contain a description of the building, and of the premises upon which it is situated. All these facts are material, and unless they are all

proved on the trial, the plaintiff cannot obtain a judg-
ment under the statute. The declaration is in all
cases a statement of the facts upon which the plaintiff
relies, and must allege all the circumstances necessary
for the support of the action. (1 *Chitty's Pl.* 185.)
Tested by the rule above laid down, the declaration
in this case is clearly insufficient, and does not warrant
the judgment which was rendered by the court. The
first count may be sufficient, as it alleges the indebt-
edness of the defendant for materials used in the con-
struction of the dwelling house, describes the situa-
tion of the house, and avers the filing of the petition.
But the second count states nothing but the indebted-
ness of the defendant for shingles, boards, scantling,
joist, planks, timber and other lumber, sold and de-
livered; omitting any averment as to the other facts
necessary to be proved. We suppose it to be a uni-
versal rule, that, when there are several counts in a
declaration, some of which are good, and one of them
is bad, and there is a general verdict upon all the
counts, in favor of the plaintiff, no judgment can be
properly rendered, unless it can be shown that the
testimony related to the good counts only. 3 *Wils.*
185; 3 *M. & S.* 110 ; *Backus vs. Richardson,* 5
*John. R.* 476 ; *Bayard vs. Malcom,* 2 *John. R.* 573 ;
*Benson vs. Swift,* 2 *Mass. R.* 53. And the like con-
sequence follows when, as in this case, there is a de-
fault for want of a plea, and an assessment of damages
upon all the counts. *Lyle vs. Clason,* 1 *Caine's R.* 581.

We are aware that some of the cases held, that where
all the counts relate to the same cause of action, this
doctrine does not apply, but that the court will allow
the verdict to be altered so as to refer to the good
counts. *Baker vs. Sanderson,* 3 *Pick. R.* 348 ; *Corn-*

F

wall vs. *Gould,* 9 *id.* 446 ; *Smith vs. Cleveland et al.,* 6 *Met. R.* 332. But the counts in the declaration in this case are not of this character. We think that the judgment in this case is erroneous for another reason. It makes the premises on which the dwelling house is situated liable for the debt, and directs " that such damages, costs and charges be levied out of the premises described in the petition filed in this cause, or so much and such part thereof as may be sold separately and without damage to the whole, as shall be sufficient to satisfy such damages, costs and expenses of sale. The statute under which this proceeding was had, does not authorize such a judgment.

The first section, above cited, provides that the building erected, and " the right, title and interest of the person or persons owning such house or other building, in and to the land upon which the same is situated," shall be subject to the debts contracted for work upon the building, or for materials used in its construction.

The judgment should not direct a sale of the land upon which the building is situated, or any part of it, but only the interest which the defendant has in it, as it was not the intention of the legislature to authorize the sale of property belonging to other persons, to pay the debt contracted by the owner of the building in its construction.

For these reasons the judgment of the County Court is reversed.