HANNIBAL N. LACHER, Plaintiff in Error,

*vs.*

GEORGE WILL, Defendant in Error.

### ERROR TO THE DANE CIRCUIT COURT.

A default for non-appearance, taken on the third day of the term to which the process, personally served, was returnable, is not erroneous.

It is competent for the circuit courts, if they are disposed to take upon themselves the duty, of having writs of inquiry executed before them by a jury, as well where there are no issues of fact, as where there are.

Where there are several counts, one of which is bad, and it appears the damages are assessed upon the whole declaration, the inquest is erroneous, and judgment thereon will be set aside or reversed.

This was an action under the provisions of ch. 120, R. S., to enforce a mechanic's lien. A petition having been filed on the 20th day of July, A. D. 1856, in the office of the clerk of the circuit court, setting up said lien, and describing the real estate upon which the work had been done, according to the provisions of sec. 5 of said chapter, the defendant in error, thereafter, on the 18th day of August, 1856, commenced an action against the plaintiff in error by a summons, which was duly served, and which was returnable at the November term of said court, 1856; and on the 3d day of November, 1856, filed his declaration in the action, containing a count setting forth specially the facts upon which he relied to enforce his said lien; and also a common *indebitatus* count. On the 5th day of November, 1856, the defendant in the suit having made no appearance, a rule for his default was filed, and on the 6th day of November, a rule for interlocutory judgment was entered against the defendant, and that a writ of inquiry issue.

On the 12th of November, 1856 the plaintiff obtained leave to amend his declaration, striking out the second count, a final

default was taken against the defendant, and an inquest of damages held in open court, upon which, final judgment was entered for the plaintiff in the action, for the sum of two hundred and eighty-one dollars and six cents, damages and costs of suit; and the same established and declared a lien upon the right, title, and interest of the defendant in and to the real estate described in the petition.

*Roys and Pinney* for plaintiff in error.

The declaration in this case is bad, even after verdict. There are two counts, one simply *indebitatus assumpsit*. Such a declaration cannot sustain a judgment for a lien. *Dewey vs Fifield*, 2 Wis., 73. *Dean and Ruygles vs Wheeler*, 2 Id. 224. And striking out a bad count after verdict, will not cure the error. The jury assessed damages upon the whole declaration, and for aught that appears, their whole assessment might have been upon the eount struck out.

It was error to enter the defendant's default on the second day after the declaration was filed. There is no rule of law or of the court authorizing this practice. Rule 8, Old C. C. Rules; Ch, 99, § 12, R. S.; Laws of 1852, p. 474. The defendant being personally served with process, was already in court, and should have had twenty days notice to plead, before his default could properly be entered. Rule 8, Old. C. C. Rules.

It appears that the damages were assessed by a proceeding, called an inquest. This is erroneous; an inquest can only be taken in this way when there are issues of fact, and no sufficient affidavit of merits has been filed and served. Rule 16, Old C. C. Rules; *Rose vs. Barr*, 2 Wis, 482. The only proper way to have ascertained the damages in this case was by a writ of inquiry directed to the sheriff. Rule 13, Old C. C. Rules.

*Atwood and Haskell* for defendant in error.

The first count in the declaration is sufficient,—the second count was stricken out by leave of the court, before the jury was impannelled. R. S. Ch. 120 ; Sess. Laws, 1855, Ch. 40 ; *Dewey vs. Fifield*, 2 Wis. 73.

The default for not appearing, taken against the plaintiff in error, by rule, on the third day of the term at which the process, personally served, was returnable, and again when called in open court on the day of assessment, is regular. R. S. 101 § 1, 2; Cir. C. Rules, No. 8.

Though no formal writ of inquiry was executed by the sheriff alone, in literal compliance with number thirteen of the circut court rules, yet the damages were assessed by a lawful jury in the presence of the court, drawn from the regular panel by his direction. But no inquest was even necessary, as it is compe tent for the court, in such case, to assess the damages without the intervention of a jury. R. S. Ch. 101, § 1, 2; *Hewett vs. Mantill,* 2 Wils., 374; *Bruce vs. Rawlins,* 3 Id. 61, 62; *Holdipp vs. Otway,* 2 Saund., 105, 107, n. (2); *Gould vs. Hammersley,* 4 Taunt., 148; *Brown vs. Van Braam,* 3 Dall., 354; *Renner et al. vs. Bussard,* 1 Wheaton, 215; *McCollum vs. Barker,* 3 J. R., 153; *Bowman vs. Noyes,* 12 N. H., 362.

*By the Court,* COLE. J. This suit was instituted under chapter 120 R. S., to enforce a mechanic's lien. The petition of the defendant in error was filed on the 12th of July, 1856, in the office of the clerk of the circuit court for Dane county, setting forth that the petitioner was a house carpenter and joiner; and that between the first day of December, 1855, and the 1st day of July, 1856, as such carpenter and joiner, at the request of the plaintiff in error, Lacher, he performed work and labor upon, and furnished material for, the construction of a dwelling house and other buildings of Lacher, situated upon certain lots in the city of Madison, and claiming the benefit of the statute in reference to mechanic's lien. The declaration was filed on the 3d of November following, the first day of the term, consisting of two counts. The first count appears to contain all the averments and facts necessary to enable a party to recover in this proceeding. The second count is simply an *indebitatus assumpsit* count. The plaintiff in error made no

Lacher vs. Will.

appearance to the action. On the 5th of November, the third day of the term to which the summons was returnable, the default of the plaintiff in error was entered for not appearing, and the next day a rule taken for interlocutory judgment, and that a writ of inquiry issue. The damages were assessed by a jury drawn from the regular panel, in the presence of the court, and judgment rendered that the defendant in error recover of the plaintiff in error his damages assessed, with costs, and that the damages and costs should be a lien upon the dwelling house and other buildings, and upon the right, title and interest of the plaintiff in error, in and to the lots upon which the buildings were situated and which he had upon the 1st of July, 1856.

Several objections are now taken to this judgment, and to the regularity of the proceedings in the court below. First, it is insisted that the judgment should be reversed, because the declaration contained one bad count,—the *indebitatus assumpsit* count—and that the damages were assessed upon the whole declaration. There can be no doubt but the second count of this declaration was bad, according to the previous decisions of this court in the cases of *Dewey vs. Fifield*, 2 Wis. 73, *Dean and Ruggles vs. Wheeler*, Id. 224—and did it satisfactorily appear that the jury assessed the damages upon the whole declaration, the objection would be fatal. The counsel for the defendant in error, contends that the second count was stricken out, on motion, before the assessment of damages; and although the record upon this point is a little confused, yet we think it does appear from it, that such was the case. That objection therefore is not sustained by the record. Again it is insisted that it was error to enter the default of Lacher on the second day after the declaration was filed, and that such a practice is contrary to law and the rules of court. It is said that as Lacher was personally served with summons, by section 12, chap. 90 R. S., he must be considered in court, and by Rule 8 (*vide* circuit rules), was entitled to twenty days notice to plead after filing declaration, before his default could be properly entered. It is true that Rule 8 in substance provides, that when there

shall be an appearance of a party or service of notice of retainer before the end of the return day of the writ, or before default actually entered pursuant to statute, that then he shall be entitled to twenty days after service of notice to plead, answer, or demur. The appearance contemplated by this rule is the common and usual appearance to an action, that is, when a defendant by some act places himself before the court in which the suit was commenced. In actions at law an appearance is effected by putting in sufficient bail, where the action requires bail, or in non-bailable actions, by endorsing on the process served a memorandum authorizing the clerk to enter an appearance, or in some cases, by filing common bail. 1 Tidd's Pr. 238, 240. Archb. Prac. 71 ; 1 Burrill's Prac. 106. But the defendant does some act to place himself before the court. And, by section 12 before cited, must be understood that when a summons has been personally served upon the defendant he is to be considered in court for the purposes of the action, and can be proceeded against to final judgment. Sec. 1 chap. 101 R. S., provides that when any defendant being duly served with process, shall fail to appear, his default shall be recorded, and the charge in the declaration taken to be true, and judgment shall be rendered accordingly, evidently intended to meet a case like the one at bar.

But it is objected that the writ of inquiry was improperly executed; the damages having been assessed by a jury in the presence of the court. We are entirely clear that it is competent for the circuit courts, if they are disposed to take upon themselves that duty, to have writs of inquiry executed before them by a jury as well where there are no issues of fact as where there are. It is admitted that an inquest might be taken in this way by rule 16, (circuit court rules), where there are issues of fact and no sufficient affidavit of merits have been filed and served. We can see no good reason why the writ of inquiry should not be executed before the court when there are no issues of fact, and we believe the practice has been at the circuits, for the court to assess the damages in such cases by the intervention of a jury, when the clerk was not author-

Lacher vs. Will.

ized to assess them. It is further insisted that the judgment is erroneous for not following the declaration in the description of the premises sought to be encumbered by the lien. Also, for that it not only establishes a lien upon the interest of the defendant in the premises, but upon the premises themselves.

We do not think the variance between the premises as set forth in the declaration and judgment at all material, and the judgment distinctly limits the lien, upon the lots, to the rights, title, and interest of the plaintiff in error therein.

We see no error in the proceedings of the circuit court; the judgment is therefore affirmed with costs.