ELIAB B. DEAN & JAMES D. RUGGLES, *Plaintiffs in Error*,

*vs.*

WILLIAM A. WHEELER, *Defendant in Error.*

ERROR TO THE DANE COUNTY COURT.

In proceedings by personal action under Chap. 120, of the Revised Statutes, in relation to the lien of mechanics and others, it is absolutely essential to show upon the record that a claim or petition was filed for the lien, together with a description of the building and premises on which it is proposed to fix the lien.

The judgment to be rendered, and the execution issuing thereon, in conformity with chap. 120, is against the property, and the right, title and interest of the defendant therein.

This was a proceeding under Chapter 120, of the Revised Statutes, to enforce a mechanic's lien. The defendant in error filed his petition in the County Court of Dane county, alleging and claiming that he. was employed by the plaintiffs in error, to do certain work and labor in and about the erection of a building to be used as an oil mill, on lot number one, of block number two hundred and sixty-one, in the village of Madison. That there was due to said petitioner, at the time of filing the lien, the sum of $148.12, and he claims the benefit of the Lien Law, that he may have a lien upon said building and premises.

The declaration was in the common counts, with the averment that the materials and work were furnished in the construction of a building to be used as an oil mill, situated on lot one, in block two hundred and sixty-one, and claiming damages five hun-

dred dollars. A copy of the account on which the action is founded, was also filed with the declaration, as follows :

| | |
|---|---:|
| Thirty-six days, at $3 per day, - - - - - | $108 00 |
| Twenty-four days, at $1.50 per day, - - - | 36 00 |
| Amount paid Robinson, - - - - - - - | 4 12 |
| | $148 12 |

The plaintiff in error did not plead to the declaration, and his default was duly entered; whereupon the court rendered judgment against the defendants in error, for $108, and costs, upon which execution was issued, and the premises sold.

A motion was then made by the plaintiffs in error to set aside the sale on the execution aforesaid; which motion was argued and denied by the court. To reverse which decision, the cause is brought to this court by writ of error.

*Botkin & Hood*, for the plaintiffs in error.

The declaration does not follow the petition and summons issued, as to parties defendant.

The declaration does not state a case, such as entitle petitioner to a judgment of lien on the land, and property, referred to in the petition and declaration.

The declaration sets out another and different demand or claim, from that stated in the petition.

The declaration does not aver that the defendant in error had filed any petition whatever as required by law, in order to acquire a lien on the property referred to in the declaration.

The declaration does not aver that the work and labor, care and diligence of the defendant in error,

P

Dec. Term
1853.

Dean and
Ruggles
vs.
Wheeler. mentioned in the declaration, had been by him done and performed as therein charged, within one year next preceding the 21st of April, 1853. 9 *Johns.* 291. The judgment is erroneous, because the entire premises on which the finding of the court purports to be based, is assumed, and could not be made to appear by any competent testimony offered under the declaration. Because the judgment is a judgment of lien, on the property mentioned therein, and is a general finding on the claim or demand of petition filed with the declaration, and which claim or demand is not only other and different from that stated in the petition, but embraces charges for services rendered, of a date anterior to the time mentioned in said petition for said lien, and also items or charges not the subject of lien under the statute.

That there was no petition pending herein, authorizing the finding and judgment of said court, as the same appears of record.

The court erred in overruling the motion to set aside the sale on the execution issued on the judgment. 2 *Caine's R.* 45 ; *Rev. Stat., Chap.* 86, § 14..

*By the Court,* WHITON, C. J. For the reasons given in the preceding case of *Dewey vs. Fifield, ante, p.* 73, the judgment in this case must be reversed. The declaration contains two counts, in each of which it is alleged that the plaintiffs in error, (who were the defendants below,) were indebted to the plaintiff for work and labor upon, and materials for a building, to be used as an oil mill, situated " on lot number one, on block number two hundred and sixty-one," of the village of Madison. There is nothing in the declaration to show that a " claim or petition" was filed as

provided in the statute, and of course nothing to show
that the plaintiff was entitled to a lien upon the
building.

This is a material fact, to be established by proof, and therefore necessary to be averred in the declaration. The judgment is also erroneous, for the reason that it makes the lot upon which the oil mill is situated, liable for the debt, instead of the interest of Dean and Ruggles in it.

Judgment reversed.