JOHN B. DU BAY, Plaintiff in Error,

*vs.*

JOHN L. ULINE, Defendant in Error.

ERROR TO MARATHON COUNTY COURT.

The defendant in error, John L. Uline, commenced proceedings under chapter one hundred and twenty of the Revised Statutes of Wisconsin, concerning the lien of mechanics and others, by filing his petition for a lien against the double saw mill of the plaintiff in error, in the county of Marathon, on the 29th day of March, A. D. 1852, situated on the north-east quarter of the north-east quarter of section number seven, (7,) township number twenty-eight, (28,) north of range number eight, (8) east, in said county, claiming to have worked for the plaintiff in error, between the 23d day of October, A. D. 1850, and the 11th day of June, 1851, as a mill wright, and to have expended in labor on the said double saw mill to the value of four hundred and eighty-five dollars and twenty-five cents, and that the same was due him at the time of filing the said lien.

On the 2d day of May, A. D. 1853, a summons was issued out of the county court of Marathon county, in favor of the said defendant in error, against the said plaintiff in error, to appear before the said court on the first day of August, A. D. 1853, to answer unto the said defendant in a plea of trespass on the case upon promises, to the damage of the said defendant in error, in the sum of five hundred dollars.

At the August term A. D. 1853, the plaintiff below filed his declaration, consisting of one special count, and the common counts for work and labor, materials, &c., with a bill of particulars annexed. The special count was as follows :

" For that whereas heretofore, to wit : at the county of Marathon aforesaid, on or about the 23d day of October, A. D.

1850, the said defendant entered into a verbal contract with the said plaintiff, by the terms of which contract the said plaintiff agreed to put in good repair, so far as the work was concerned, the stream-half of a certain double saw mill situated on the north east quarter of the north east quarter of section number seven, in township number twenty-eight, north of range eight, east of the fourth principal meridian, (the same being in the said county of Marathon;) and in consideration of which the said defendant agreed to pay the said plaintiff the sum of two hundred and seventy dollars, in good merchantable pine lumber, at said mill, when the said work should be performed by the said plaintiff; and the said plaintiff avers that he completed the work according to the terms of his said agreement with said defendant, but that said defendant has not as yet paid the said plaintiff for the same according to the terms of his said agreement with the said plaintiff, although the same has long since become due and payable to the said plaintiff from the said defendant, but to pay the said plaintiff the same or any part thereof, has hitherto wholly neglected and refused, and still does neglect and refuse, although often requested, to wit: at Marathon county aforesaid."

The plaintiff failed to appear, and judgment was rendered for the plaintiff for $475,37, upon which execution was issued. The defendant below now bring his writ of error.

*D. J. Pulling*, for the plaintiff in error.

The declaration should show that the suit or action was brought on a mechanic's lien, and the judgment rendered and the execution issuing thereon, in conformity with chapter 120 of the Revised Statutes, should be against the property and the *right*, *title* and *interest* of the defendant. 2d *Wis. Reports*, *Dean et al. vs. Wheeler*, page 224.

The declaration should state that the petition was filed within *one year*, the time prescribed by the Statute. 2d *Wis. Reports*, *Dewey vs. Fifield*, page 73.

*By the Court,* SMITH, J. After a careful inspection of the record in this case, we are compelled to reverse the judgment of the court below.

The declaration contains one special count for work done on the mill to be paid for in specific articles, and also the common counts for work and labor, goods sold, and also the money counts. It is a matter of doubt whether the special count is good or not, but it is unnecessary to consider the point as it would be impossible to sustain the judgment even if it were good.

In the first place the record shows no issue. There is no plea to the declaration, nor is there any default entered, or judgment interlocutory. The declaration is filed as of the August term, 1853, and at the November term, 1853, appears the following entry, to wit:.

" Now at this day comes the parties in this cause by their respective attorneys, and declare themselves ready for trial. Whereupon, upon hearing the proofs and allegations of the parties, it is considered by the court now here, that the said plaintiff recover of the said defendant for his damages by him sustained by reason of the non-performance of the promises and undertakings of the said defendant, the sum of four hundred and seventy-five dollars, and also the sum of thirty-seven dollars and fifty-seven cents for his costs by him about his said suit expended, and that the same be a lien upon the saw mill and premises described in the plaintiff's petition for a lien filed in this cause, to the extent of the interest of the said defendant therein." Although among the papers there is a petition for lien, filed March 29, 1852, yet there is no reference made to the petition in the declaration, nor any thing to connect the suit with the claim of lien. Without this there can be no judgment of lien or order of sale of the premises to satisfy the same.

Again, were it possible to dispense with the issue, the default or the judgment interlocutory, we are not informed how the damages were assessed, whether a writ of inquiry or jury was waived. But even if this could be overlooked, there is

Du Bay vs. Uline.

a fatal error in the judgment. If we could hold that the first or special count might relate to the claim of lien, and was good in substance, yet most certainly the money counts can have no relation to such lien, and the judgment of the court, as well as its finding of damages, is upon all the counts of the declaration generally. A verdict upon a count for goods sold, and the common money counts could not warrant a judgment of lien, and a judgment so rendered must necessarily be reversed.

Again the form of the judgment itself is not in conformity with the statute. See *Dean* vs. *Wheeler*, 2 Wis., 224; *Dewey* vs. *Fifield*, Id. 73; *Dobbs* vs. *Green*, Id. 228.

It is unnecessary to pursue further the consideration of this case. If we have not pointed out all the errors which the record discloses, for those already mentioned the judgment must be reversed. Judgment reversed with costs and cause remanded.