WILSON and another, Appellants, vs. RUDD and others, Respondents.

*November 2 — November 22, 1887.*

*Liens: Filing of claim: Waiver.*

The lien upon machinery provided for in the last clause of sec. 3314, R. S., is waived and lost unless a claim therefor is filed as provided in sec. 3318.

APPEAL from the Circuit Court for *Monroe* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This action was brought to recover the possession of a steam-engine, two boilers, and other articles of machinery. The action was tried by the court without a jury. The court found in favor of the defendants, and judgment was entered in their favor, from which the plaintiffs appealed to this court.

The facts found by the court on the trial were in substance as follows: In September, 1882, Rudd & Green, whom the defendants in this action now represent, sold to the firm of Withee & Pennewell a steam saw-mill with the appurtenances, and at the same time made a verbal agreement or lease by the terms of which the said Withee & Pennewell were to have the use, occupancy, and possession of the lands upon which said steam saw-mill stood until they should cease to need the premises for saw-mill purposes, which was expected to be about two years; that said Withee & Pennewell took possession of said leased premises under said verbal lease, paid a part of the purchase money for the mill, and put valuable improvements on the land and into the mill, a part of which were the machinery purchased of the plaintiffs, to recover the possession of which this action is brought; that said Rudd & Green were the owners in fee of the lands on which said mill and machinery were situated, and that the title to said premises is still in the defendants, and that defendants have been in possession of said mill premises and machinery ever since July, 1884; that on the 8th of November, 1882, the said Withee & Pennewell gave the said Rudd & Green a chattel mortgage for more than $2,000 to secure a part of the purchase money of the said steam-mill. This mortgage in terms covered the saw and planing mill and the fixtures and machinery thereto belonging; that said mortgage was duly filed as the law requires,

and that $500 had been paid on such mortgage; that afterwards the said Withee & Pennewell made an assignment of their interest in the mill and machinery, and in the land upon which the same was standing, to an assignee, and afterwards, and in July, 1884, the assignee, with the assent of the said assignors, quit and surrendered possession of said premises to Joseph L. Green and *D. B. Rudd*, surviving partners of Rudd & Green, and delivered the mill over to said Rudd & Green, and did not reserve any right to remove any of the buildings or machinery, the said lessees and their assignees having ceased to need said premises for saw-mill purposes; that on March 26, 1883, the plaintiffs sold and delivered to the firm of Withee & Pennewell certain machinery to be used in and about the construction or repair of the steam-mill situate on said leased premises, and then in possession of said Withee & Pennewell, viz.: One 16x24 plain sliding engine, two No. 7 tubular boilers with full boiler fronts and smoke-stacks and fixtures, two sets of binding bars and wall-brackets, four square tubular mill lamps, one exhaust fan, a lot of shaftings, couplings, boxes, iron pipe, and leather belting; that this machinery was, about the date last aforesaid, used by the said Withee & Pennewell in rebuilding the steam saw-mill on said premises, and became a part of said mill and the machinery thereof.

The court also found that the plaintiffs demanded the machinery, etc., of the defendants in March, 1885, and the defendants refused to deliver the same; that the machinery was of the value of $2,500. The court also found as a fact that the machinery was put into an addition, which was a part of the mill building, and the same could not be removed without injury to the mill. The court also found as a conclusion of law that the defendants were entitled to judgment dismissing the action, with costs. No exceptions were taken to the findings of fact, the only exception being to the conclusion of law.

For the appellants there was a brief by *Carl C. Pope*, attorney, and *Young & Lightner*, of counsel, and oral argument by *Mr. Lightner*.

For the respondents there was a brief *R. P. Perry* and *Lusk & Bunn*, and oral argument by *Mr. Lusk*.

TAYLOR, J. Upon the findings of fact there can be no pretense of right on the part of the appellants to recover the property in question. The finding being that on the ———— day of ————, 1883, they sold and delivered the property in dispute to the parties under whom the defendants ·claim title, there can be no claim of ownership on the part of the appellants as against the vendees and those claiming under them. To entitle the appellants to claim a lien in any shape, it was clearly necessary that there should have been proofs and a finding that the machinery so sold and delivered was sold on credit, and that the purchase money, or some part thereof, remained unpaid to the plaintiffs. Although there is nothing in the findings of fact upon this question, both parties have in their printed briefs treated it as though this fact was in the case, and perhaps supposed it was in the findings. That the fact appeared on the trial would seem admitted from the course taken by the learned counsel for the respondents in the argument in this court. We will therefore decide the case upon the supposition that it appeared on the trial that the appellants sold the machinery on credit and had not been paid therefor by the vendees.

The appellants base their right to recover this machinery by an action of replevin, or its value in trover if delivery of it be refused upon demand made upon the party having it in possession, under the latter clause of sec. 3314, R. S. 1878. This clause reads as follows: "In case any person shall order or contract for the purchase of any machinery to be placed in or connected to or with any building or

premises, and such person not having an interest in such building or premises in or connected with which such machinery is placed, sufficient for a lien as provided in this chapter, to secure payment for said machinery, the person furnishing such machinery shall have and retain a lien upon such machinery, and shall have the right to remove from such building or premises such machinery in case there shall be a default in the payment for such machinery when due, leaving such building or premises in as good condition as they were before such machinery was placed in or on the same." It is claimed by the learned counsel for the appellant that, under the lien given by this clause, the vendor of the machinery may at any time take possession of the property so sold and delivered, on default of payment of the purchase price, without filing any notice of his lien as prescribed in sec. 3318, R. S., and without taking any proceedings either under said ch. 143, R. S., or any other statute law of the state; and, if the party in possession refuse to deliver up the possession, he may maintain either an action of replevin for the property or trover for its value.

We cannot believe this to be the reasonable construction of this statute. The section in which this clause appears is a section devoted simply to declaring in what cases and under what circumstances a contractor who performs any work or labor or furnishes any materials in the construction, repair, protection or removal of buildings or machinery constructed so as to become a part of the freehold upon which it is situated, shall have a lien upon the premises upon which the building or machinery is placed so as to become a part of the freehold, and declares the priority of all such liens. The latter clause, above noted, secures to the furnisher of machinery attached so as to become a part of the freehold, a lien upon such machinery, when the person purchasing and attaching it to the freehold has no interest in the freehold out of which the claim of the furnisher can

make his debt, and declares that in such case, to satisfy his
lien, he may detach the machinery from the freehold and
remove the same. How he shall secure his right to enforce
this kind of lien is not declared in said section, or intended
to be so declared. The subsequent provisions of the statute
are directed to that subject, and they clearly set forth the
manner in which the liens declared by sec. 3314 shall be
enforced. This court has repeatedly declared that it must
be enforced in the manner prescribed by the act, and in no
other way. *Dorestan v. Krieg,* 66 Wis. 604, 611; *Dewey v.
Fifield,* 2 Wis. 73; *Dean v. Wheeler,* 2 Wis. 224; *Du Bay v.
Uline,* 6 Wis. 588; *Huse v. Washburn,* 59 Wis. 414; *Druse
v. Horter,* 57 Wis. 644, 646. Sec. 3318, R. S., provides that
"no lien hereby given shall exist, and no action to enforce
the same shall be maintained, unless within six months
from the date of the last charge for performing such work
and labor, or of the furnishing of such materials, a claim for
such lien shall be filed," etc. This provision of the statute, it
seems to us, must apply to the lien mentioned in the last
clause of sec. 3314, as well as to the lien mentioned in the
first clause. It is very clear that the words "no lien hereby
given" refer to the liens mentioned in said sec. 3314, and
therefore include the lien upon the machinery mentioned in
said second clause, as well as those mentioned in the first
clause thereof.

It is argued by the learned counsel for the appellants that
the lien mentioned in the second clause is only an extension
of the common-law lien of the vendor for unpaid purchase
money to the case where the possession of the property sold
has been delivered to the vendee; but it is very clear that
no such lien existed at common law after a delivery of the
property after sale, when a credit for the purchase money
was given. The lien claimed by the appellants is clearly a
lien given by the statute, and consequently is lost after six
months from the sale, unless a claim for such lien be filed as

required. There is the same propriety in requiring a notice of this lien as there is in requiring it in the other cases. The law does not favor secret liens in favor of any one. The common law required the possession to be held by the lien claimant in order to protect himself, and the statute has, in all cases when a lien is given upon property not in the actual possession of the claimant, required that a notice of such claim of lien shall be given within a prescribed period, and an action commenced to enforce the same within some other prescribed period, or the lien shall be lost. The circuit judge was clearly right in holding that the appellants had lost all right to the property in question by not filing their claim for a lien as prescribed in said sec. 3318. Whether a person claiming a lien under said last clause of sec. 3314, and having filed his claim of lien as prescribed by said sec. 3318, can enforce his claim in any other way than as prescribed in the subsequent sections of said ch. 143, R. S., need not be determined in this case, as, upon the admitted facts in the case, he has lost all claim to a lien by not filing his claim as prescribed by said sec. 3318.

*By the Court.*— The judgment of the circuit court is affirmed.