# In the Matter of WILLIS H. CLARK, Petitioner.

### St. Louis Court of Appeals, June 25, 1907.

1. **CONTEMPT: Judgment Recitals: Collateral Attack.** A judgment, adjudging an attorney guilty of contempt of court by delaying its proceedings, recited that in the opinion of the court the delay was intentional on the part of the defendant; this language imports that an inquiry was made and the judgment of contempt rendered upon evidence heard; the question of intention cannot be inquired into in a collateral attack by a *habeas corpus* proceeding.

2. ———: ———: ———. Where an attorney was held to be in contempt and the judgment recited that his absence from the court delayed its proceedings, this was a finding upon an issue of fact and could not be challenged in a *habeas corpus* proceeding by showing that as a matter of fact the court could not have been delayed by his actions.

3. ———: **Attorneys at Law: Delaying Court.** An attorney at law is an officer of the court and bound to attend its sittings when a case in which he is counsel is on trial; his absence from the trial under circumstances which cause unavoidable delay in the administration of justice is contempt.

4. ———: **Two Offenses in One Judgment.** A judgment for contempt was not void for the reason that two offenses were incorporated in the one judgment, where the offenses were separately stated and a separate fine assessed in each.

5. ———: **Commitment: Indefinite Imprisonment.** A commitment for contempt until the fines and costs adjudged against the prisoner are paid is valid.

6. ———: **Jurisdiction: Statutory Provisions.** A circuit court has jurisdiction to punish for contempts and that jurisdiction is not abridged or restricted by section 1616, Revised Statutes of 1899.

## By the Habeas Corpus Act.

PETITIONER REMANDED.

*P. J. Rowe* and *Hiram N. Moore* for petitioners.

It appears from petition and return that petitioner was convicted without a hearing. The petition alleges that petitioner was denied a hearing and the judgment fails to recite a hearing. Every valid judgment recites a hearing and the validity of the commitment depends entirely upon the judgment. There can be no commitment without a valid judgment. Ex parte Arnold, 128 Mo. 256; Ex parte O'Brien, 127 Mo. 477; People v. Cassels, 5 Hill, 164.

*Grant Gillispie,* Assistant Circuit Attorney, for the State.

(1) There is no question but what a court of record has authority to punish summarily for contempts committed within its presence. Green Co. v. Rose, 38 Mo. 390; State ex. inf. v. Shepherd, 177 Mo. 205. Section 1616, Revised Statutes 1899 has been declared unconstitutional, therefore the common law prevails. State ex inf. v. Shepherd, 177 Mo. 205. (2) Under the common law a court of *general jurisdiction* was the sole judge of what constituted a contempt. In re Crawford, 132 Q. B., 613; In re Fernandez, 6 H. & N. 717, S. P.; In re M'Aleece, 7 I. R. C. L., 146, Q. B.; In re Cobbett, 7 Q. B. 187; State ex inf. v. Shepherd, 177 Mo. 205. (3) The power of a court under a writ of habeas corpus to inquire into the legality of the confinement of one committed for contempt is limited by the statute to the face of the commitment alone. R. S. 1899, secs. 3576, 3676. (4) It was never intended to use the writ of habeas corpus as an appellate process, or to authorize a review of the action of the circuit court, which is a court of general jurisdiction, to determine whether petitioner was rightly or erroneously adjudged guilty of contempt. Ex parte Millett, 37 Mo. App. 82; In re Coppenhaver, 118 Mo. 377; Ex parte Krieger, 7 Mo. App. 368; Ex parte Cren-

shaw, 80 Mo. 477; Ex parte Gfeller, 178 Mo. 248; Ex parte Mason, 16 Mo. App. 41; State ex inf. Walker v. Dobson, 135 Mo. 1; Ex parte Goodin, 67 Mo. 637.

BLAND, P. J.—On Friday, May 10, 1907, the following proceedings were had in Division No. 11, of the circuit court of the city of St. Louis:

"State of Missouri, Plaintiff, v. August Wilkins, Defendant; Willis H. Clark (Attorney for defendant), Respondent.

"No. 44 to the April Term, 1907.

"Whereas, the above cause wherein the State of Missouri is plaintiff and August Wilkins is defendant, pending in Division No. eleven of the circuit court of the city of St. Louis, was set for trial in said court on Monday, May the sixth (6th), 1907, the respondent, Willis H. Clark, a member of the Bar of the city of St. Louis and an attorney at law practicing in said court appearing for the defendant; and thereupon said cause being called for trial the defendant, by his said attorney, announced that the defendant was not ready for trial; and thereupon the court granted said defendant and his said attorney until two o'clock p. m. of said day to prepare and present his application for a continuance under the statute in such cases made and provided; and,

"Whereas, thereafter, at two o'clock p. m. on said sixth day of May, 1907, said Willis H. Clark, as attorney for the defendant in said cause, presented his duly verified application for a continuance, which application, after due consideration by the court, was overruled; and thereupon the said Willis H. Clark, as attorney for said defendant August Wilkins, requested the court for a short time to enable the defendant to secure the presence of certain witnesses, and in pursuance of such request the court thereupon granted the defendant until Thursday May ninth (9th) 1907, at ten (10)

o'clock a. m.; and thereupon the cause was laid over until said last mentioned day; and,

"Whereas, on Thursday, May 9, 1907, at ten o'clock a. m., said cause being called again for trial, it was made to appear to the court that said Willis H. Clark was engaged in the trial of a case in Division No. Twelve of said circuit court of the city of St. Louis, and thereupon the above cause of the State of Missouri v. August Wilkins was laid over until five (5) o'clock p. m. of said date, and notice thereof was given to the respondent, Willis H. Clark, of such setting; and,

"Whereas, said Willis H. Clark appeared in this court at five (5) o'clock p. m.,—the court then being in session,—and requested that the above cause be laid over until nine (9) o'clock a. m. Friday, May tenth (10th), 1907; and thereupon, at the request of said Willis H. Clark, the above cause was laid over until Friday, May tenth (10th), at nine (9) o'clock a. m.; and,

"Whereas, the above court duly convened and was duly opened for business at nine (9) o'clock a. m.; and,

"Whereas, said court was compelled to wait and did wait until nine-fifteen (9:15) a. m. because of the absence of said Willis H. Clark and because of his failure to attend court at nine (9) o'clock a. m.; and,

"Whereas, said Willis H. Clark, by reason of his failure to be present at nine (9) o'clock a. m., on said tenth (10) day of May, 1907, delayed the court and interfered with the proceedings of said court by his failure to be present; and,

" Whereas, the court was of the opinion that said delay on the part of said Willis H. Clark, was intentional;

"It is therefore adjudged by the court that said Willis H. Clark was guilty of contempt of this court by reason of his willful failure to be present in court on the calling of said case. It is therefore ordered and

adjudged by this court that said Willis H. Clark by reason of his said conduct was and is guilty of contempt of the authority of this court committed in its presence on this tenth day of May, 1907; and,

"Whereas, after the jurors (to the number of thirty-four) were duly examined on their *voir dire* in the above entitled cause, wherein the State of Missouri is plaintiff and August Wilkins is defendant, said defendant being represented by said Willis H. Clark, as his attorney, and while the court was in session, waiting upon counsel acting in behalf of the state and in behalf of the defendant, to make their challenges, the said Willis H. Clark asked leave of court to leave the court room for not to exceed ten (10) minutes, until he could get a case, in which he was counsel, then pending in the St. Louis Court of Criminal Correction, passed or continued; and absent himself for a few minutes for the purpose of having the case pending in said St. Louis Court of Criminal Correction passed or continued; and,

"Whereas the court did excuse said Willis H. Clark for the purpose aforesaid at ten-forty (10:40) o'clock a. m.; and,

"Whereas, said Willis H. Clark did not return into this court until eleven thirty-five (11:35) a. m., and then announced to this court that he had been engaged in trying a cause in the St. Louis Court of Criminal Correction; and,

"Whereas, said Willis H. Clark delayed the trial of said cause of the State of Missouri v. August Wilkins for the space of fifty-five (55) minutes without just reason or excuse; and,

"Whereas, this court doth find as a fact that said failure on the part of said Clark to promptly return into court and continue the trial of the above cause, which was then on trial, was wilful and in utter disregard of the authority of this court; and,

"Whereas, said Willis H. Clark was, by reason of his conduct aforesaid, guilty of contempt of said court by such misconduct in its presence:

"It is therefore ordered and adjudged that said Willis H. Clark by reason of his said conduct was and is guilty of contempt of the authority of this court, committed in its presence on this tenth (10th) day of May, 1907; and it is further ordered that said Willis H. Clark for the first offense above mentioned be fined, and he is hereby fined, the sum of ten dollars ($10) ; and it is further ordered that said Willis H. Clark be fined, and he is hereby fined, for the second offense or contempt above mentioned the sum of twenty dollars ($20).

"And it is further ordered and adjudged that the said Willis H. Clark for his said contempts of court, as aforesaid, shall pay to the State of Missouri for the use of the city of St. Louis the fines above mentioned, aggregating the sum of thirty dollars ($30) on or before the fourteenth (14th) day of May, 1907, and in default of the payment of said sum that he be committed to the jail of the city of St. Louis until said sum shall have been paid.

"And it is further ordered that a certified copy of this order under the seal of the court be process and warrant for executing this order."

The fines adjudged to be paid were not paid by Mr. Clark on or before the fourteenth day of May, and on the fifteenth of the month, the clerk of said court made out and delivered to the sheriff of the city of St. Louis the following commitment:

"City of St. Louis, State of Missouri, ss.

"To the sheriff of the city of St. Louis — Greeting:

"Whereas, on the tenth day of May, in the year of our Lord, one thousand nine hundred and seven, at our circuit court of the city of St. Louis, Division No. 11, before the Judge thereof, Willis H. Clark was guilty of contempt in the manner following, to-wit:

"That on the said tenth day of May, 1907, the said Willis H. Clark, attorney and counsel for defendant in the case of the State of Missouri v. August Wilkins, — said cause then pending and set for trial on said tenth day of May, 1907, in said division number eleven, — absented himself at the opening of court on said day; and,

"Whereas, said Willis H. Clark, attorney as aforesaid, compelled said court to wait and said court did wait fifteen (15) minutes because of the absence of said Willis H. Clark and because of his failure to attend court at the opening of said court, to wit, at nine (9) o'clock a. m. on said tenth day of May, 1907; and

"Whereas, said Willis H. Clark on the same day after said cause had proceeded to trial absented himself from the court room for the space of fifty-five (55) minutes, without leave of court and without just cause or excuse; and,

"Whereas, the court did find as a fact that the said failure on the part of said Clark to return into court and continue the trial of the above cause which was then on trial was wilful and an utter disregard of the authority of said court; and,

"Whereas, said Willis H. Clark was, by reason of his conduct, adjudged guilty of contempt of the authority of said court, committed in its presence on said tenth day of May, 1907, and,

"Whereas, it was further ordered and adjudged that said Willis H. Clark for the first offense above mentioned be fined and he was fined the sum of ten dollars ($10); and,

"Whereas, it was further ordered and adjudged that said Willis H. Clark be fined and he was fined for the second offense or contempt above mentioned the sum of twenty dollars ($20); and,

"Whereas, it was further ordered and adjudged that said Willis H. Clark for his said contempts of court

as aforesaid should pay to the State of Missouri for the use of the city of St. Louis the fines above mentioned, aggregating the sum of thirty dollars ($30) on or before the fourteenth day of May, 1907, and in default of the payment of said sum that he be committed to the jail of the city of St. Louis until said sum shall have been paid:

"You are, therefore, commanded to take the body of the said defendant into your custody and convey him to the jail of the city of St. Louis,—the keeper whereof is hereby commanded to receive the said Willis H. Clark and him there keep until said fines have been paid or until he be otherwise discharged by due course of law.

"And you are further commanded to make return of this writ forthwith as to how you have executed the same.

"Witness, Adolph Nast, clerk of said court, with the seal thereof hereto affixed, at his office in the city of St. Louis, this fifteenth day of May, in the year of our Lord, one thousand nine hundred and seven.

(Seal).                    "ADOLPH NAST, Clerk.

"State of Missouri, City of St. Louis, ss.

"I, Adolph Nast, clerk of the circuit court for criminal causes of the city of St. Louis, within and for the said city, certify the above to be a true copy of the order of commitment as the same now remains in my office.

"In testimony whereof, I have hereunto set my hand and affixed the seal of said court, at office in the city of St. Louis, this fifteenth day of May, A. D., nineteen hundred and seven.

(Seal)                    ADOLPH NAST,
        "Circuit Clerk for Criminal Causes."

On receiving the commitment, the sheriff arrested Mr. Clark and now restrains him of his liberty. On May fifteenth one of the judges of our court, on the peti-

tion of Mr. Clark, verified by his affidavit, issued a writ of habeas corpus directed to the sheriff of the city of St. Louis, commanding him to produce the body of said Clark before us and to make return of the time and cause of Mr. Clark's detention. The sheriff has produced the body of Mr. Clark and made his return to the writ, justifying the detention by virtue of the above judgment and commitment. Petitioner moved for his discharge on the return of the sheriff and the matter has been orally argued and briefs filed by the petitioner and prosecuting attorney. It is contended by petitioner, first, that the judgment upon which the commitment was issued is void, for the reason it affirmatively appears on the face of the judgment that petitioner was denied a hearing; second, that the mere absence of an attorney from the court room is not contempt of court, within the meaning and intent of section 1616, Revised Statutes 1899; third, that the judgment is void for the reason one judgment was rendered for two separate and distinct offenses; fourth, that it is shown by the recitals of the judgment assessing a fine of twenty dollars, that the petitioner had twelve hours under the statutes (secs. 2619, 2621, 2623, R. S. 1899) in which to make his challenge of the jury, which had been selected to try the cause of State v. Wilkins, and was not required to be in the court room.

1. Church says: "Contempt of court is 'a specific criminal offense,' and the fine imposed is a judgment in a criminal case. The adjudication is a conviction, and the commitment in consequence thereof is execution." [Church on Habeas Corpus, sec. 308, and cases cited in footnotes 6, 7, 8; See also Ex parte O'Brien, 127 Mo. l. c. 488, 30 S. W. 158.] Criminal contempts are direct when committed in the face of the court; also when committed out of view of the court, if they are calculated to impede, embarrass or obstruct the court in the administration of justice. The latter acts are con-

strued as done in the presence of the court, though not within its immediate view. [Stuart v. The People, 3 Scam. (Ill.) 405; People v. Wilson, 64 Ill. 195; Church on Habeas Corpus, sec. 309; State ex inf. v. Shepherd, 177 Mo. l. c. 299, 76 S. W. 79.] "Direct contempts," says Rapalje, "may be summarily punished by order of the presiding judge, after such a hearing as he may deem just and necessary." [Rapalje on Contempts, sec. 22.] The same author, at section 127, says: "As respects the necessity of a prosecutor to conduct these proceedings, it may be taken for granted that where the contempt is committed in the immediate presence of the court, or so near thereto as to obstruct its proceedings, no prosecutor is required, as the court will take judicial notice of such contempts and punish them on its own view." And at section 93, the author says: "Where the contempt is committed *in facie curiae* the punishment is summary, and generally immediate; no affidavit, process or interrogatories are necessary. The court takes judicial notice of such contempts. . . . The court has discretion, however, to require the contemnor to answer interrogatories." And in State ex inf. v. Shepherd, supra, it is said: "In cases of direct contempts, the court acts spontaneously, *ex mero motu,* and commits the offender summarily." "No proceedings will be taken contradictory with the offender." These authorities do not mean that when the offense is committed out of view of the court, there need be no inquiry; that the accused need not be afforded an opportunity to purge himself of the contempt. If, for instance, a juror should be granted leave of absence from the court for a short time but ordered to return at a given hour, and should fail to return at the hour designated and his failure should operate to impede and delay the proceedings in the case in which he had, been chosen as a juror, *prima facie* he would be guilty of contempt for which he might be summarily punished;

but the delay might have been unavoidable and no judge would inflict punishment upon him without first affording him an opportunity to explain the cause of his absence. Petitioner's first offense was not committed in the immediate view of the court and it was asserted by his counsel on the oral argument, that no opportunity was afforded petitioner to explain the cause of his delay and absence from the court at the hour to which the court had been adjourned at his request; and it is insisted that the judgment shows on its face that he was not afforded an opportunity to explain or to purge himself of the contempt. The judgment entry, after reciting the fact of the delay, states that the court was "of the opinion that said delay on the part of said Willis H. Clark was intentional." Webster defines an opinion as, "a notion or conviction founded on probable evidence; belief stronger than an impression, less strong than positive knowledge." The judge could not have been of the opinion that the delay on the part of Mr. Clark was intentional without some probable evidence of the fact, and as this proceeding is a collateral attack of the judgment every reasonable intendment must be indulged in support of the judgment. Its language imports that some inquiry was had and the petitioner adjudged guilty of contempt upon the evidence heard. In regard to the judgment for the second contempt, for which the petitioner was fined twenty dollars, the judge found as a fact that Mr. Clark was guilty of contempt; but it is contended that other recitals in this judgment show that Mr. Clark was entitled to twelve hours in which to make his challenges of the jury in the Wilkins case, and hence could not, as a physical fact, be guilty of contempt in delaying and hindering the business of the court. To establish this contention, it would be necessary to investigate matters *de hors* the record which we cannot do; but conceding that the petitioner

had twelve hours in which to challenge the jury, yet he was not bound to take twelve hours or any other specific time in which to make his challenges. The granting of twelve hours in which to make challenges is a statutory right, which the petitioner could have waived, and the reasonable inference to be drawn from the recitals of the judgment is that he waived it and had made his challenges before asking leave to visit the court of criminal correction for the purpose of getting a case continued in that court. If this is not so, then his absence could not have delayed the court in the trial of the case of State v. Wilkins, and the recital in the judgment, that the absence of petitioner delayed the trial of that case, is false in fact, an issue that cannot be raised in this proceeding, for we must accept the recitals of the judgment as absolutely true and make every reasonable inference to uphold its validity. We think the judgment is sufficient on its face to support the commitment, which is in proper form.

2. We are not impressed with the contention that the absence of an attorney from the court in which he has business, and when he should be there to attend to that business, and when his absence necessarily impedes or delays the business of the court, is not contempt of court. An attorney at law is an officer of the court and it is as much incumbent on him to attend the sittings of the court when a case in which he is of counsel is on trial, and which trial cannot proceed in his absence, as it is for the sheriff or the clerk of the court to be present. The absence of an attorney in certain circumstances unavoidably causes delay in the administration of justice, which is a criminal contempt; if not a contempt, then the administration of justice in the courts of the State would be at the mercy of attorneys, and they, instead of being aids to the court in the administration of justice, might become an insufferable obstruction to its administration by merely remaining

away from court when it was their duty to be in attendance.

3. The point made on oral argument, that the judgment is void, for the reason two distinct and separate offenses are incorporated in one judgment, we do not think is predicated on the facts as appear by the judgment itself. The petitioner was adjudged guilty of two offenses on the same day. Each of these offenses were separately adjudicated and their adjudication separately stated in the judgment and the fine assessed on each conviction is separately stated. The mere fact that these two judgments are recorded in one judgment entry does not so commingle them as to make but one judgment, or so confuse the fines assessed as to prevent the one fine from being distinguished from the other. The commitment follows the judgments and recites each separately with the fines assessed on each conviction, so that if petitioner should elect to discharge one of the judgments and contest the other, there is nothing in the record of the judgment, or in the commitment, to prevent him from doing so.

4. The contention made on the argument, that the imprisonment for an indefinite time or until the fines and costs are paid is without merit. Church says: "It has always been held that where a statute authorizes or prescribes the infliction of a fine as a punishment either for a contempt of court or for a defined offense, it is lawful for the court inflicting the fine to direct that the party stand committed until the fine be paid, although there be no specific affirmative grant of power in the statute to make such direction." Church on Habeas Corpus, sec. 310; see also Ex parte Morrison Renshaw, 6 Mo. App. 474. To commitments of this character is frequently added the clause, "or until he be discharged according to law." This clause is entirely unnecessary to entitle the party committed to his discharge from jail on compliance with the statute in respect to the dis-

charge of insolvent persons confined in jail for nonpayment of fines and costs or either. These statutes are not put in operation by any commitment or any order of the court, nor can they be suspended at the whim of the court. The fourth contention is disposed of by what is said in the first paragraph of this opinion.

5. It is finally contended that the power of the court to punish for contempt is restricted to such contempts as are enumerated in section 1616, supra, of which wilful absence from the court is not one. In the Shepherd case, supra, it was said: "The power of a court of record to punish for contempt is as old as the law itself;" and "that the Legislature has no power of to take away, abridge, impair, limit, or regulate the power of courts of record to punish for contempts;" that section 1616, supra, "in so far as it attempts to do this is unconstitutional." With inferior courts not of record and not invested with common law jurisdiction, the rule is different; in such courts the power to punish for contempt is the subject of legislative regulation and a person committed by such court may show that the court acted without authority and may attack the jurisdictional recitals in the commitment. [Ex parte O'Brien, 127 Mo. 477.] But where the commitment is issued by a court possessing common law jurisdiction and having a seal, if the court has jurisdiction of the person, its jurisdiction cannot be assailed in a habeas corpus proceeding, and the door to review is closed, for the court has inherent jurisdiction of the subject-matter to punish contempt. [Rapalje on Contempts, sec. 155; Ex parte Goodin, 67 Mo. 637.] The circuit court had jurisdiction both of the subject-matter and of the person of the petitioner, and to warrant the petitioner's discharge we would have to find that the sentence under which he was held is absolutely void. There is nothing on the face

of the judgment or in the commitment by which either can be pronounced void.

The petitioner is therefore remanded to the custody of the sheriff.   All concur.