32 | 687
74 | 198

## KRAUSE VS. CUTTING.*

*Effect of a general verdict in replevin.*

1. A general verdict for the plaintiff finds all the issues in his favor.
2. Thus, in replevin, where both his title and his right of possession are in issue, a verdict " in favor of the plaintiff " (assessing the value and damages for the detention), determines that he is the owner and entitled to the possession.

---

*The syllabus of this decision was published in vol 28, at p. 655, with a statement that the opinion had been lost from the files. Since that time the opinion has been recovered; and it is published here by request.

APPEAL from the Circuit Court for *Dunn* County.

This cause was commenced in a justice's court to recover the possession of a lamb, under sec. 132, ch. 120, R. S. The substance of the plaintiff's affidavit (constituting his complaint under sec. 141, ch. 120, R. S.), and of the defendant's answer, and also the verdict and judgment, are stated in the opinion. The judgment in plaintiff's favor having been affirmed on an appeal to the circuit court, defendant then appealed to this court.

*S. W. Hunt* and *E. B. Bundy*, for appellant.

*F. J. McLean*, for respondent.

COLE, J. We are really unable to see what there is in this case which the losing party supposed warranted him in bringing it to this court for review. There is no important principle of law involved in its determination, and the amount in controversy is very inconsiderable. It is true there is the luxury of a law suit in the litigation, and this to some peculiarly constituted minds is an "exceeding great reward." The controversy is all about "*one ewe lamb.*" The plaintiff in his affidavit said that he was entitled to the possession of the lamb, and that it was detained by the defendant. The defendant in his answer denied the allegations of the complaint, and averred that the lamb was his property, and that he was entitled to the possession thereof. The jury found a verdict for the plaintiff; damages, $1.00 ; value, $2.00. The justice rendered judgment on the verdict, that the plaintiff have possession of the lamb, which was of the value of $2.00, and that he recover $1.00 damages, and costs of suit. It is now insisted that the verdict is informal, uncertain, and fails to dispose of all the issues. The title to the lamb, it is said, was put in issue by the affirmative defense in the answer, which is deemed to be denied. And this issue, it is argued, is not disposed of at all by the verdict. But is this a correct interpretation of the verdict? The verdict must evidently be referred to the issues upon the pleadings. The jury

found upon all those issues in favor of the plaintiff. If the title to the property was in issue, as we think it was, the jury in effect found that to be in the plaintiff. It is not the case where there are two or more issues and the jury limit their finding to one issue, or leave one issue undisposed of, as was the case in *Heeron v. Beckwith,* 1 Wis., 17; *Swain v. Roys,* 4 id., 150; *Ronge v. Dawson,* 9 id. 246; *Child v. Child,* 13 id., 17; *Bates v. Wilbur,* 10 id., 416; and *Appleton v. Barrett,* 22 id., 568. Here the jury find all the issues which were submitted to them on the pleadings, in favor of the plaintiff. It is claimed that the title to the property was in issue on the affirmative defense set up in the answer. This being so, a general finding for the plaintiff upon all the issues is equivalent to finding the title in him. This is the rational, natural construction of the verdict. The case of *Everitt v. Walworth Co. Bank,* 13 Wis., 420, is directly in point upon this question. True, the only issue in in that case was the title of the property. But a general finding for the plaintiff was held sufficient because it disposed of every question submitted to the jury. And it obviously can make no difference whether there are one or more issues; if the jury find for the plaintiff generally upon those issues, it is in substance a finding of each issue in his favor. The reasoning of the court in *Everitt v. Walworth Co. Bank* goes to this extent, and we have concluded to adopt it as laying down a correct rule of practice in regard to the construction of verdicts in this class of cases. This disposes of the case before us. The jury, having found every issue in favor of the plaintiff, found the title to the property in him.

*By the Court.*— The judgment of the circuit court is affirmed.