Filed Oct. 27, 1885.

---

No. 12,193.

## WOLF *v.* TRINKLE ET AL.

ASSAULT AND BATTERY.—*Measure of Damages.*—*Instruction.*—In an action by a woman for damages resulting from an indecent assault and battery, it is not error to instruct the jury that while exemplary damages can not be given, the jury, in arriving at compensatory damages, are not necessarily restricted to the naked pecuniary loss, but may allow such damages as are the direct result of the act complained of, and for injury to reputation, social position, physical suffering, mental anguish, sense of shame, humiliation and loss of honor.

SAME.—In such case a new trial will not be granted for excessive damages unless they are so clearly excessive as to indicate that the jury acted from prejudice, partiality or corruption, or were misled as to the measure of damages.

From the Lawrence Circuit Court.

*G. W. Friedley, E. D. Pearson, T. B. Buskirk* and *W. H. Martin,* for appellant.

*S. B. Voyles* and *H. Morris,* for appellees.

ZOLLARS, J.—The evidence in this case tends to show, that at about eight o'clock at night, when appellee Jeremiah Trinkle was away from home, and his wife, Louisa E., was there alone with three small children, and in a delicate condition, appellant went to the house, and, without any forewarning or bidding, opened the door and went in.   Louisa E. was in bed with her children at the time.   After a few words had passed between her and appellant, he went to the bed, pushed back the covers, laid hands upon and took improper liberties with her person, and so acted as to indicate a lascivious purpose. He remained at the bed for a half hour or more, but, being repelled by her, he desisted and shortly afterwards left the house.   The fright to her was such that she got up and remained up the balance of the night without sleep.   The evidence also tends to make good the averments of the complaint, that by reason of the indecent assault and battery upon her, she has undergone, and is still undergoing, physical and mental suffering.

While the evidence tends to establish the above and foregoing facts, because of contradictions and conflict therein, the case is not a strong one in some of its features.   But as the jury and the trial court have passed upon the evidence, and as it tends to support their conclusion, we must treat the case as having been made out in favor of the real plaintiff Louisa E. Trinkle.

In response to her demand for damages, the jury awarded $500 in her favor, and, over a motion for a new trial, judgment was rendered against appellant for that amount.

The court charged the jury as follows:  " 5. If you find for the plaintiff, you will assess in her favor such damages, within the amount claimed, as you think she has sustained, and which will be a compensation to her for any loss and injury

occasioned, which are the direct results of said defendant's conduct."

The court also gave to the jury the following instruction asked by appellee:

"No. 1. While the jury are not authorized by the law to give exemplary or punitive damages in this case, in the event a verdict is found for the plaintiff, yet, if the jury find for the plaintiff, full compensatory damages should be awarded, and in arriving at compensatory damages, the jury are not necessarily restricted to the naked pecuniary loss; for, besides damages for pecuniary loss or injury, the jury may allow such as are the direct consequence of the act complained of, for injury to Mrs. Trinkle's good repute, her social position, for physical suffering, bodily pain, anguish of mind, sense of shame, humiliation, and loss of honor."

It was urged below in the motion for a new trial, and is urged in argument here, that the damages are excessive. It is also urged in argument here, that the above instructions tended to augment the damages, by creating the impression in the minds of the jurors that damages in excess of the injury suffered might be awarded. We do not think that the instructions are open to this objection. The jury was charged in these instructions, in explicit terms, that exemplary or punitive damages could not be awarded, and that the damages should be limited to such injury as was the direct result of appellant's wrongs. The special injuries for which damages might be awarded were not improperly stated. It is well settled, that in a case of the character of this, damages may be awarded for physical suffering, for mental trouble, as anguish of mind, sense of shame or humiliation, loss of honor and good name, all of which are considered compensatory, and not exemplary or punitive damages. *Stewart* v. *Maddox*, 63 Ind. 51; *Cox* v. *Vanderkleed*, 21 Ind. 164; *Taber* v. *Hutson*, 5 Ind. 322; *Fisher* v. *Hamilton*, 49 Ind. 341; *Lake Erie, etc., R. W. Co.* v. *Fix*, 88 Ind. 381 (45 Am. R. 464); *State, ex rel.*, v. *Stevens, ante*, p. 55.

In a case like this, where these elements of damages are to be considered by the jury, the amount to be awarded must necessarily rest, to a large extent, in the discretion and sound judgment of the jury. Such a case is peculiarly one where this court should hesitate before overthrowing verdicts and judgments, on the ground that the damages awarded are excessive. The general rule is, that new trials will not be granted for excessive damages unless they are so clearly excessive as to indicate that the jury acted from prejudice, partiality or corruption, or were misled as to the measure of damages. *Kelsey* v. *Hay*, 84 Ind. 189, and cases there cited; *Lake Erie, etc., R. W. Co.* v. *Fix, supra*, and cases there cited; *Indiana Car Co.* v. *Parker*, 100 Ind. 181, and cases there cited.

We think there is no error in the record for which the judgment should be reversed. The judgment is, therefore, affirmed, with costs.

Filed Oct. 29, 1885.