HICKEY and another, Respondents, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*December 2 — December 23, 1885.*

*Verdict must be based on evidence.*

A verdict which is the result of mere conjecture, and is not founded upon evidence, cannot be sustained.

APPEAL from the Circuit Court for *Sauk* County.

In February, 1883, the plaintiffs shipped over the railroad of the defendant company two car-loads of potatoes from Lyndon, in Juneau county, to Chicago. The cars were fitted up by the plaintiffs, with a bin in each end, so constructed as to admit the circulation of air under and on all sides of them. A stove was placed in the center of each car, and one of the plaintiffs went with the cars to Chicago, and kept fires in both stoves during the transit. There were very nearly 800 bushels of potatoes so shipped, and, by special contract, the shipment was at the risk of the plaintiffs.

The cars reached Milwaukee in due course of transportation, and, while standing on a side track preparatory to being attached to the proper train for Chicago, or while being so attached, they were run against by a locomotive, with sufficient violence to break down two of the bins,— one in each car,— so that the potatoes ran into the center of the cars, overturning one of the stoves and breaking it, and so injuring the bins that the circulation of warm air about them was impeded. The defendant's employees at once repaired the bins, and righted up the damaged stove, so that a fire could be kept in it, and the cars were sent to Chicago and reached there without delay.

At Chicago it was found that some of the potatoes in both cars were frozen. They were assorted by the commission men employed by the plaintiffs to sell them, and the sound potatoes were weighed and sold. A shrinkage of fifty-two

bushels was disclosed by such weighing. Had there been no frozen potatoes in the cars, they would have sold for eighty-five cents per bushel, but because some were frozen, and an assorting was necessary, they only sold at an average price of seventy cents per bushel.

The plaintiffs claim that the freezing was occasioned by the injury to the bins in Milwaukee, and that such injury was caused by the negligence of the defendant's servants and employees. They brought this action to recover the damages resulting from such negligence. They itemized their claim as follows: Loss of fifty-two bushels, at eighty-five cents, $44.20; depreciation in the value of those not frozen, 744 bushels, at fifteen cents, $111.60; damage to stove, $6; total, $161.80; less five per cent. commission on $44.20, being $2.21; amount of claim, $159.59.

No question arises on the pleadings. The jury found specially that twenty-six bushels of the potatoes were frozen in transit through the negligence of the defendant, and that the balance found in a frozen condition at Chicago were frozen when they were put into the cars at Lyndon. They assessed the plaintiffs' damages at $81.75. A motion on behalf of the defendant for a new trial was denied, and judgment for the plaintiffs was entered pursuant to the verdict. The defendant appeals from the judgment.

For the appellant there was a brief by *John W. Cary*, attorney, and *H. H. Field*, of counsel, and oral argument by *Mr. Field*.

For the respondent the cause was submitted on the brief of *R. P. Perry*.

LYON, J. In November preceding the shipment to Chicago, the plaintiffs deposited in a cellar at Lyndon about 575 bushels of potatoes. While there, more than 100 bushels of them were frozen. One of the plaintiffs so testifies. Out of this lot about 450 bushels were shipped on the two cars

in question. Those thus shipped were taken from the portion of the piles and bins least frozen, but the testimony fails to show that any sufficient care was taken to assort the frozen from the sound potatoes. Both plaintiffs testified that they shipped none but sound potatoes. The jury disbelieved this testimony, and found, in effect, that one half of those found frozen in Chicago were in that condition when they were shipped from Lyndon. In view of the verdict it will be more charitable to construe the testimony of the plaintiffs, which is so positive in form, as the expression of an opinion, rather than the assertion of a fact. But, if so construed, still the jury have rejected their opinion.

It is therefore a verity in the case that the plaintiffs shipped from Lyndon a large quantity of frozen potatoes, intermingled with those not frozen. In round numbers, six per cent. of the shipment was found frozen at Chicago. The jury found that three per cent. thereof was frozen at Lyndon before shipment, and the remaining three per cent. at Milwaukee, or between that point and Chicago, by reason of the negligent breaking down of the bins by the defendant. It will be remembered that the shipment was made at the owner's risk. The defendant was not an insurer, but is only liable for the damages caused by its negligence, and the only negligence alleged is the breaking of the bins.

The difficulty with the verdict is, there is no evidence to support it. We search the record in vain for any testimony tending to show that one half or any other considerable proportion of the mischief to the potatoes was done after the cars containing them reached Milwaukee. The verdict is the result of mere conjecture, which is no sufficient basis for a verdict in any case. Had the jury found that the plaintiffs shipped no frozen potatoes from Lyndon, we should have a very different question to deal with. The testimony is entirely consistent with the theory that all the

mischief to the potatoes was done before they were shipped. Excluding the testimony of the plaintiffs that the potatoes were all in good condition when shipped (and the verdict does exclude it), the testimony tends very strongly to show that the accident at Milwaukee could not have been the cause of the freezing. It certainly fails to show that it caused the freezing of twenty-six bushels, or any other considerable quantity, of the potatoes. For the reasons suggested there must be another trial.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.