DENGATE, Respondent, vs. STIRMELL, Appellant.

*August 31 -- September 18, 1888.*

*Unlawful detainer: Form of verdict.*

**In a proceeding in justice's court for unlawful detainer a verdict by which the jury merely " find for the plaintiff," though informal, is valid and sufficient to authorize judgment.**

APPEAL from the Circuit Court for *Walworth* County. The case is stated in the opinion.

*Henry Heady*, for the appellant.

For the respondent the cause was submitted on the brief of *J. H. Page.*

ORTON, J.   This was a proceeding before a justice for unlawful detainer, against the defendant as tenant, for holding over his term, and there was a judgment in due form that the plaintiff have restitution without delay and that the defendant pay the costs.   The case came before the circuit court by writ of *certiorari*, and the judgment was then affirmed.   The case was tried in the justice's court before a jury. . The only point made in the circuit court and in this court on appeal is that there was no valid verdict of the jury upon which the justice could render the judgment. The verdict entered in the record is simply that the jury " find for the plaintiff."   The only question is whether the justice had jurisdiction to render the judgment.   The contention is that, after the jury had the case under consideration, the justice lost jurisdiction to render a judgment, without a verdict of the jury which is valid in the law. Whether this is so we do not determine, for it is our opinion that the verdict in this form is a valid one and substantially sufficient.   It is informal, but we think it finds, in substance and effect, that the defendant is guilty of the allegations in the complaint, as required by the statute (sec. 3366, R. S.). A form of a verdict in such a case is given in sec. 3372, R. S.,

but that section provides that the verdict shall be *substantially* in that form. This is all that is required. It is true that the verdict according to the form is a special one, but not so special as the verdict of a jury in the action of replevin before a justice, the form of which is given in sec. 3742, R. S. That section provides that, if the jury shall find in favor of the plaintiff, they shall find (1) that the plaintiff is entitled to the possession of the goods, etc.; (2) that the defendant unjustly took or unlawfully detained the same; (3) the value thereof; (4) the damages he has sustained, etc. It is not provided that this verdict may be substantially in this form, but it is imperative. The verdict in *Krause v. Cutting*, 32 Wis. 687, in replevin in the justice's court, was that the jury "find for the plaintiff" only, and yet in that case the verdict was held to be a substantial compliance with the statute, and found all such special issues in favor of the plaintiff. In *Eldred v. Oconto Co.* 33 Wis. 133, the verdict in the circuit court was according to the statute on all the special issues, except that the logs were unjustly detained; but the jury first say that "they find for the plaintiff." This court held in that case that such general verdict was a finding upon all the issues in favor of the plaintiff, and was a valid verdict. These cases follow that of *Everit v. Walworth Co. Bank*, 13 Wis. 419. According to the form, this verdict should have been that the defendant is guilty of the allegations in the complaint. The verdict is, in effect, for the plaintiff on all the allegations of the complaint; that is, that the defendant is guilty as charged in the complaint. We know of no reason why the above cases do not rule this case. Indeed, the reasons are stronger why the verdict in replevin should be *specific* than in unlawful detainer. It follows that the justice had jurisdiction to render the judgment of restitution on this verdict, and that the circuit court rightly affirmed it.

*By the Court.*— The judgment of the circuit court is affirmed.