Filed Jan. 9, 1894.

———————◆———————

No. 927.

KELLEY v. KELLEY.

HARMLESS ERROR.—*Sustaining Demurrer to Paragraph of Answer.*—It is harmless error to sustain a demurrer to a paragraph of answer, even if good, where the facts provable under such paragraph were admissible under the general denial, which was also pleaded.

NEW TRIAL.—*Joint Motion.—Overruling as to One and Sustaining as to Another.*—A party can not be heard to complain of the overruling of a joint motion for a new trial, as to him, unless the motion is well taken as to all the parties who join in making it. In such case, the court may overrule as to one, and sustain it as to another.

SAME.—*Surprise as a Cause.*—Since a party who is surprised by the testimony of a witness may procure a continuance on account of such surprise, if, upon motion, he show proper grounds, a strong and clear case must be made before a reversal will be founded upon such cause as a ground for a new trial.

SAME.—*Newly Discovered Evidence.—When a Cause.—Diligence, When Sufficiently Shown.*—Newly discovered evidence is not a ground for a new trial, where no sufficient excuse is shown for the failure to have the testimony at the trial; nor is it sufficient for the party to state in his affidavit, that he could not, with reasonable diligence, have discovered such testimony, for it is incumbent upon him to set out, in his affidavit, the facts constituting diligence.

Kelley *v*. Kelley.

ASSAULT AND BATTERY.—*Instruction to Jury.—Conspiracy.—Evidence.*—
In an action for damages for an assault and battery, where there
was some evidence of a conspiracy leading up to the assault and
battery, it is not error for the court to instruct the jury as to what
constitutes a conspiracy, the jury being entitled to all the facts and
circumstances leading up to the assault and battery.

SAME.—*Instruction to Jury.—Assumption of Fact.*—In an action for
damages for assault and battery, where the court instructed the
jury that if it had been shown that plaintiff had occasionally been
meeting at her place of residence a person with whom she had had
improper relations, such fact would not justify an assault and bat-
tery upon her, such instruction was not erroneous on the ground
that it assumes the fact of assault and battery.

SAME.—*Damages, Elements of.—Special Proof.*—In an action for as-
sault and battery, the jury has a right to consider all the elements
entering into the damages, without special proof as to amounts.

DAMAGES.—*Excessive, as a Cause for Reversal.*—A judgment will not
be reversed on the ground of excessive damages, unless the amount
is so large as to lead to the conclusion that it must have been the
result of prejudice, partiality, or corruption.

INSTRUCTIONS TO JURY.—*Party Must Ask for, or be Estopped to Com-
plain of an Omission.*—A party desiring an instruction on a certain
point must ask for it, or he will not be heard to complain because
of the absence of such instruction.

From the Harrison Circuit Court.

*J. V. Kelso* and *C. D. Kelso*, for appellant.
*J. K. Marrs*, for appellee.

REINHARD, J.—One of the errors relied upon is the
sustaining of a demurrer to the appellant's second para-
graph of answer. It is conceded that the facts pleaded
in this paragraph were admissible under the general de-
nial, which was also pleaded. The error, if any, was
therefore harmless. Elliott's App. Proced., section 637,
and cases cited.

Another alleged error is the overruling of the joint
motion of appellant and his co-defendant for a new trial.
The appellant was sued jointly by the appellee with an-
other for damages for an alleged assault and battery.
The defendants answered separately the general denial,

but the jury returned a joint verdict against the two for $3,200.

The defendants jointly moved for a new trial. The court sustained the motion as to the other defendant, but overruled it as to the appellant, on condition that appellee would remit $700 of the amount found in the verdict, which was done.

It is insisted by appellant's counsel, in argument, that the granting of a new trial to Marrs was a decision by the court that there was a failure of proof as to him, at least, and this being so a new trial should have been granted both, for the reason that when the evidence fails as to one of the parties against whom a verdict has been rendered, a joint motion for a new trial by all must be sustained.

In support of this contention counsel cite *Sperry* v. *Dickinson*, 82 Ind. 132, and *Graham* v. *Henderson*, 35 Ind. 195, and it must be conceded that these cases go far toward sustaining the position assumed.

We have reached the conclusion, however, after careful consideration, that the doctrine contended for is in conflict with the rule adhered to in many cases, since those above referred to were decided, viz., that a party can not be heard to complain of the overruling of a joint motion for a new trial as to him, unless the motion is well taken as to all the parties who join in making it; and, where the rights of the parties are separate and distinct, the party seeking a new trial should file a separate motion therefor. Elliott's App. Proced., section 839, and cases cited.

Our conclusion, therefore, is that there is no available error in the action of the court sustaining the motion for a new trial as to Marrs and overruling it as to the appellant.

It is further contended that the damages are excessive.

Kelley v. Kelley.

As we have seen, the verdict was for $3,200, of which $700 was remitted. The theory of the defense was that the appellant found the appellee, his wife, in bed with, and in the embraces of, another man, and that, therefore, even if he inflicted the injuries upon her of which she complains, the provocation was so great that it should naturally and properly palliate the offense so as to make it but little more than a nominal one. Moreover, it is insisted that no witness testified to the striking except the appellee herself, and that her appearance and conduct subsequent to the difficulty was such as to lead to the conclusion that no serious injury was sustained by her.

On the other hand, there was evidence tending to show that the man with whom the appellee was found in bed went there at the instance and request of the appellant, without the invitation and against the desires of the appellee, and for the purpose of enabling the appellant to secure evidence upon which to base an action for a divorce, and that the appellant inflicted serious injuries upon the appellee. If the theory of the appellee is the true one, and the jury by the verdict in effect found that it was, we can not say that $2,500 is in excess of what the appellee was entitled to recover.

A man who would thus deliberately debauch and bring shame and dishonor upon the wife he engaged to honor and protect deserves no commiseration at the hands of a court or jury.

It is true the gist of the action was not for the alleged misconduct of the appellant in bringing obloquy and disgrace upon his wife, but for an assault and battery, and yet, if the latter was established, we can not say that the jury had not the right to take into consideration the entire circumstances leading up to the point of the strik-

ing, and this would, of course, include the acts of the appellant in setting the trap into which he intended his wife to fall.

It is not our province to determine which of the theories was the correct one, but the jury having adopted the one relied upon by the appellee, and there being some evidence to support it, we would not feel justified in holding that the result reached was an erroneous one.

The rule that where the evidence is at all conflicting upon the material questions in issue this court will not undertake to weigh or determine it, is too well established to need the citation of authority in its support, and it is likewise settled beyond controversy, that unless the amount of the verdict is so large as to lead to the conclusion that it must have been the result of prejudice, partiality, or corruption, the judgment based upon it will not be disturbed on appeal. *Lake Erie, etc., R. W. Co.* v. *Acres,* 108 Ind. 548; *Farman* v. *Lauman,* 73 Ind. 568; *Louisville, etc., R. W. Co.* v. *Pedigo,* 108 Ind. 481.

A further ground for a new trial contained in the motion made in the court below was that the defendants were surprised by the testimony of the plaintiff. In this connection it is claimed that it was shown by affidavits filed in support of the motion that in a divorce proceeding between the appellant and appellee the latter testified that her husband did not strike, beat, or kick her, and in effect that appellant did not commit any assault and battery upon her whatever. While we find the affidavits substantially as claimed, it is also true that counter affidavits were filed by the appellee tending to show, not only that she was injured, but that she testified to such injuries upon the trial in the action for divorce.

Under the third subdivision of the section of the civil

code defining causes for a new trial, accident or surprise against which ordinary prudence could not have guarded is made a ground upon which a new trial may be granted. R. S. 1881, section 559.

But inasmuch as the party who claims to be surprised by the testimony of a witness might have procured a continuance on account of the surprise, if he had moved for it and shown proper grounds, a strong and clear case must be made before a reversal will be grounded upon such cause. *Louisville, etc., R. W. Co.* v. *Hendricks*, 128 Ind. 462; *Scheible* v. *Slagle*, 89 Ind. 323.

We do not think this is such a case. As we have seen, there was some evidence tending to show that the appellee did testify on the divorce trial that the appellant had struck and beaten her. Moreover, we do not think the appellant has brought himself within the rule that he must show that by proper diligence he could not have had the witnesses at the trial, as well as on a new trial. *Smith* v. *Harris*, 76 Ind. 104.

The appellant also insists that a new trial should have been granted him upon the ground of newly discovered evidence. The affidavits filed in support of the motion are the same as those relied upon to show surprise.

We do not think that the appellant shows himself entitled to a new trial for this cause. If the appellant, at the time of the trial, knew, as he says he did, that the appellee had testified to certain facts at the divorce trial, there is no reason shown why he was not prepared to establish this at the trial of this cause. She being a party to the action her former admissions would have been competent testimony for the appellant and his codefendant at the trial, even though she did not herself go upon the stand as a witness. No sufficient excuse is shown for the appellant's failure to have the testimony at the trial. See *Allen* v. *Bond*, 112 Ind. 523.

The proposed testimony of persons who had seen the appellee the next morning after the difficulty and saw no marks of violence upon her or heard her make no complaint, does not add any strength to the appellant's position on the subject.

The mere fact that appellant did not, before the trial, know that these persons would testify to the facts which he now says he can prove by them, is not a showing of any diligence to discover the testimony. Nor is it sufficient for him to state in his affidavit, that he could not, with reasonable diligence, have discovered such testimony. It was incumbent upon him, in his affidavits, to set out the facts constituting the diligence used by him, so that the court might be enabled to decide whether due diligence was used, and if he made inquiries, the time, place, and circumstances should be stated. *Keisling* v. *Readle*, 1 Ind. App. 240; Elliott's App. Proced., section 857, and cases cited.

This was not done, and the appellant is in no position to complain.

Objection is made to some of the instructions given. Instructions numbered 4½, 5½, and 6½ are complained of. In these instructions the court undertook to define a conspiracy. It is urged that there is nothing in the evidence raising any question as to any conspiracy, and, if there was, it was only for the purpose of entering the appellee's house at the time the difficulty occurred.

There was evidence tending to show that Marrs, the appellant's co-defendant, was approached by the appellant and requested by him to accompany the appellant to appellee's house during the night of the difficulty, and that appellant said that "he had arranged it" with the party found in bed with the appellee. If there was a conspiracy by which such an arrangement was made, it was proper for the jury to consider it, both for the pur-

pose of connecting Marrs with the transaction and to show the aggravating circumstances under which the appellee was attacked. At all events, we can see no harm in the mere definition of a conspiracy given the jury by the court.

It is quite true, as contended, that a conspiracy to enter the appellee's premises under the circumstances claimed would not necessarily tend to prove an assault and battery. But if the assault and battery was otherwise established, we know of no good reason why the jury might not consider all the facts and circumstances leading up to it.

In the fifth instruction the court told the jury that if it had been shown that appellee had occasionally been meeting at her place of residence the person found in her bed with her and had had improper relations with him, such fact would not justify an assault and battery upon her. This instruction is assailed upon the ground that it assumes that an assault and battery was committed. We do not so construe the instruction. The court fully informed the jury, in other instructions, what was necessary for the appellee to prove before she could recover, and it can not be presumed that the jury was misled by the instruction complained of.

Nor is there any force in the objection that the court failed to tell the jury that the appellee's misconduct might be considered by them in mitigation of the damages.

If the appellant desired an instruction upon this point, or deemed it necessary to have a more explicit statement of the rules of law upon the subject, he should have prepared an instruction such as he desired given, and requested the court to give it. Besides, in a subsequent instruction, the court fully met the point by informing the jury what they might consider in mitigation.

We do not think the court erred in giving the instructions referred to.

It is further urged that error was committed in an instruction to the effect that the jury, in estimating the damages, might consider the shame, humiliation, loss of honor, reputation, or social position, if any was shown. We think these things may be considered as among the natural results of an unlawful assault and battery. Where this is the case damages may be recovered on account of the results mentioned without specially pleading the same in the complaint. *Richter* v. *Meyers*, 5 Ind. App. 33; *Morgan* v. *Kendall*, 124 Ind. 454.

Nor does the fact that no evidence was introduced as to the extent of the damage for either of these injurious results render the instruction bad. The jury had the right to consider all the elements entering into the damages without special proof as to amounts, and estimate the latter by all the evidence given at the trial.

We think the instruction is fully sustained by the Supreme Court in *Wolf* v. *Trinkle*, 103 Ind. 355.

It is finally urged that the court erred in annexing a condition to its overruling of the motion for a new trial as to the appellant, viz., the condition that appellee remit $700 of the verdict. If there was error in this, it was not such as harmed the appellant. Had the court overruled the motion without the condition, the judgment would have been for $700 more than it is. But of this the appellant can not complain.

This disposes of all the questions presented, and we have not been able to discover any reversible error.

Judgment affirmed.

Filed Oct. 12, 1893; petition for a rehearing overruled Jan. 13, 1894.