LEITCH, Respondent, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*March 28 — April 14, 1896.*

*Railroads: Restoration of highway: Obstruction to view: Injury to traveler: Negligence: Evidence: Instructions: Reversal of judgment.*

1. The failure of a railway company to remove a bank on its right of way outside of a highway, consisting almost entirely of a natural hill through the base of which the track was laid in a cut, and which obstructed the view from the highway of approaching trains, was not a failure to restore the highway to its former condition of usefulness, within the meaning of sec. 1836, R. S.

2. The existence of such a hill may be shown, however, in an action for injuries to a traveler caused by his horses being frightened by a train at such highway crossing, as bearing upon the question of the negligence of defendant's employees in failing to give proper warning of the approach of the train.

3. Where a general verdict for plaintiff may, under the charge of the court, have been based solely upon either of two alleged grounds of negligence, the judgment will be reversed if one of such grounds was erroneously submitted to the jury.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

This is an action for personal injury at a highway crossing of the defendant's railway track. The plaintiff was approaching the track from the westward. The conformation of the ground is such that her view to the left was obstructed, until she got very close to the railway track, by reason of a high bank within the right of way, most of which consists of a natural hill, through the foot of which the railway runs, making a small cut. Her horses are claimed to have been frightened by an approaching train while she was crossing the track. They ran away, upset her buggy, and she was injured.

Two charges of negligence are contained in the complaint. One is that the signals required by statute were not given;

the other, that the highway crossing was not properly restored and maintained in proper condition. Upon this subject the complaint alleges: "That said crossing was, nevertheless, at all times carelessly and negligently maintained by said defendant in violation of its said duty, in that upon and along the southeasterly side of said railroad track, for several hundred yards upon either side of said crossing, said defendant has at all times needlessly and unnecessarily maintained a high embankment, so constructed along and within the right of way of said defendant that a traveler upon said public highway approaching said crossing from the south could not see a train approaching said crossing upon said railroad track from either direction until nearly or quite upon said crossing; that said crossing, with said dangerous embankment, was thus negligently maintained by said defendant upon the 10th day of March, 1894, and for a long time prior and subsequent thereto; and that by reason of said embankment so wrongfully, carelessly, and negligently maintained by said defendant, the usefulness of said highway was at said time and is unnecessarily and materially impaired, and its use by the public greatly interfered with, and rendered much less safe and convenient for travel than before the construction of said railroad over the same; that said embankment is, and always has been, wholly unnecessary, and subserves no useful purpose whatever, and that the same could at any time have been easily removed by said defendant in such manner as to give persons approaching said railroad crossing upon said public highway a clear and unobstructed view of said railroad track for a long distance upon each side of said crossing, thereby greatly reducing the danger of frightening horses driven upon said highway near said track, as well as the danger of collision while attempting to cross the same; but that by reason of said embankment said crossing was, upon said 10th day of March, 1894, and for a long time prior and subsequently

thereto, extremely dangerous to persons or teams traveling upon or near the same, for the reason that said embankment obstructed a traveler's view of trains approaching said crossing."

At the trial, evidence was given of a high bank within the right of way and to the left of the highway, which prevents a traveler from seeing a train coming from that direction. This hill is entirely outside of the limits of the highway. Prof. Whitney, who gave evidence on that subject, was also asked: " Q. What is the surface of the top of the bank which you have described north of the crossing, as to its being a natural surface or otherwise? (Objected to by defendant. Overruled. Exception by defendant.) A. It has not the appearance of being a natural surface. It is quite irregular, with stones and small heaps. It is not smooth grass sward. It is grassed over. Q. Has it the appearance of having been made by dirt at any time being put there? (Objected to by defendant. Overruled. Exception by the defendant.) A. The surface just at the top of the slope has the appearance of being higher than it would naturally be expected." The same witness was also asked the following: " Q. State what amount of labor it would require on the part of the railroad company to remove the bank within the right of way so as to give an unobstructed view down the track towards Lodi. (Objected to by defendant. Overruled. Exception by defendant.) A. I made a rough estimate of the number of cubic yards to be taken out here to the west, lowering the bank sufficiently to see clearly, and I think about three hundred yards, at a cost of about thirty cents a yard, or ninety dollars, would cover the expense of removing that, and make the view very plain from all of those parts of the highway I have mentioned."

The defendant requested instructions to the effect that no recovery could be had on the ground of failure to restore the highway to its proper condition under the statute at the

time of building the railroad; also to the effect that the only ground of recovery in this case could be omission to give the signals required by law, if properly found to be the cause of the accident. These instructions were refused, and exceptions taken. The trial judge, after stating the two alleged grounds of negligence, charged the jury as follows: "As you well know, the railroad company has the right to construct its line of railway across the land and across the public highway in doing so. *After this is done, it is incumbent upon the railroad company to restore every highway, upon or across which such railroad may be constructed, to its former state or to such condition that its usefulness shall not be materially impaired.* The railroad company so crossing the highway *is required to exercise ordinary care in constructing, restoring, and maintaining the crossing as a reasonably safe one in view of the surrounding circumstances, and its use of the same, and the use the public have a right to make of it as a public highway.* Under *these requirements of the law it is for you to determine whether the defendant did exercise ordinary care in this respect as to the crossing in question or not, upon all the evidence in the case.*" After discussing the alleged omission to give signals and the question of contributory negligence, the court said: "*It is for you to determine the facts from all the testimony whether the defendant company was negligent in that it failed to construct a reasonably safe crossing at the place in question or not,* and whether it failed to give the signals required by law to be given by an approaching train to the crossing or not; and if you find the defendant was guilty of negligence *in both or either of these respects,* then you must determine whether such negligence was the direct cause of the injury and damage to the plaintiff or not." Those parts of the foregoing charge in italics were excepted to.

A verdict for the plaintiff was rendered, and from judgment thereon the defendant appealed.

Leitch vs. Chicago & Northwestern R. Co.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *F. C. Winkler*.

For the respondent there was a brief by *R. M. La Fol-lette* and *G. E. Roe*, and oral argument by *Mr. Roe*. They contended, *inter alia*, that negligence may be imputed to a railroad company for permitting a useless embankment or other unnecessary obstruction to the view to exist upon its right of way, although outside the limits of the highway. Under our statute (sec. 1836, R. S.) the company must leave the usefulness of the highway unimpaired, and, if necessary to that end, must remove a portion of the bank or excavate to a width not required for the operation of trains. *Buchner v. C., M. & N. W. R. Co.* 60 Wis. 264, 274, 275; *West Bend v. Mann,* 59 id. 69; *Duffy v. C. & N. W. R. Co.* 32 id. 269; *Roberts v. C. & N. W. R. Co.* 35 id. 679. The last case is practically decisive of all points raised on this appeal. Similar statutes in other states are construed with equal strictness against the company. *Richardson v. N. Y. C. R. Co.* 45 N. Y. 846; *People v. N. Y. C. & H. R. R. Co.* 74 id. 302; *Maltby v. C. & W. M. R. Co.* 52 Mich. 108; *Farley v. C., R. I. & P. R. Co.* 42 Iowa, 234; *Marks v. Fitchburg R. Co.* 155 Mass. 493; *Evansville & T. H. R. Co. v. Crist,* 116 Ind. 446. See, also, 2 Wood, Railway Law (Minor's ed.), 1169, 1515; Wood, Railway Law (1st ed.), §§ 270, 271; 2 Shearm. & Redf. Neg. (4th ed.), § 359. The existence of objects outside the highway, upon the company's right of way, which needlessly obstruct the traveler's view from the highway, may constitute negligence; and it makes no difference whether the objects are trees (*Moberly v. K. C., St. J. & C. B. R. Co.* 17 Mo. App. 518; *Indianapolis & C. R. Co. v. State ex rel. Lawrenceburg,* 37 Ind. 489), or weeds (*Indianapolis & St. L. R. Co. v. Smith,* 78 Ill. 112), or a bank (*Farley v. C., R. I. & P. R. Co.* 42 Iowa, 234; *Richardson v. N. Y. C. R. Co.* 45 N. Y. 847).

WINSLOW, J.   As stated in the foregoing statement of facts, there were two grounds of negligence claimed by the plaintiff: First, that the defendant had failed to restore the highway to its former condition of usefulness and to so maintain it; and, second, that the defendant's employees failed to give the proper warning signals when approaching the highway with their engine.   Both of these alleged grounds of negligence were submitted to the jury and they were told, substantially, that if they found negligence in either respect which was the direct cause of the injury they should, in the absence of contributory negligence, return a verdict for the plaintiff.   This was clearly error.   There was absolutely no evidence of any failure to restore the highway to its former condition, as required by sec. 1836, R. S., so far as it is physically possible to do so when a railroad is constructed across a highway.   The only defect or change in the condition of the highway seriously claimed is that a bank existed along the right of way, and entirely outside of the highway, which obstructed the view of an approaching train to travelers approaching the track from the direction in which the plaintiff approached.   This bank consisted almost entirely, if not entirely, of a natural hill, through the base of which the track was laid in a cut.   The failure to remove this hill cannot, in any fair or reasonable sense, be said to be a failure to restore the highway to its former condition of usefulness. It was proper to show that the bank existed, and to show that it interfered with the view of an approaching train. This evidence was relevant as showing the entire situation at the time of the accident as bearing upon the other alleged ground of negligence, namely, the alleged failure to give warning of the approach of the train, but it was not a ground of negligence itself.   We are aware of no rule of law, either statutory or otherwise, which requires a railway company to remove natural hills within its right of way;

but the fact of the existence of such a hill may be shown, and the question may then be whether, in view of the presence of such a hill and its effect upon the vision of the traveler, the train was moved with prudence or negligence. The principle is quite similar to that laid down by this court in *Heddles v. C. & N. W. R. Co.* 74 Wis. 239. It was manifestly not competent to allow evidence of the labor or money required to remove the bank. The verdict is general, and may, under the charge, have been rendered solely on the ground that the railway company was negligent in not removing the bank of earth; hence the judgment must be reversed.

*By the Court.*— Judgment reversed, and action remanded for a new trial.