SLETTEN, Respondent, vs. MADISON, Appellant.

*May 10—June 10, 1904.*

*Assault: Damages: Injury to reputation: Instructions to jury: Prejudicial error: Trial: Single general verdict on several causes of action: Appeal: Review of evidence as to damages.*

1. Without direct allegation of injury to reputation as special damages, supported by proof, there can ordinarily be no recovery for that element of damage in an action for assault, even though the assault was accompanied by sexual solicitation. [Whether injury to reputation is ever a legitimate element of special damage in an action for an assault, not determined.]

2. To instruct the jury, in an action for an assault, to include loss of reputation as an element of damage to plaintiff, was error prejudicial to defendant in the absence of any evidence of such loss.

3. A single general verdict upon more than one cause of action may, under certain circumstances, suffice if the instructions were such that the jury could only have reached such verdict by a resolution of all the material issues in favor of that party; but where there are several causes of action, each resolvable differently by the jury, and any one of which resolved in favor of the plaintiff might support the verdict, a mere general verdict in his favor involves too much of uncertainty to sustain a judgment.

4. Where there was no motion before judgment to set aside the verdict and for a new trial, and the order denying such a motion made after judgment is not brought up by appeal, this court cannot, on appeal from the judgment, consider the question of the sufficiency of the evidence to support the verdict on the question of the amount of the damages.

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Reversed.*

Action to recover damages for three distinct assaults committed within a period of as many months, consisting generally of the laying of hands by defendant on the plaintiff and the soliciting her sexually. The plaintiff testified to such assaults, and the defendant positively negatived them. The court submitted the whole case for a general verdict, with

directions to find in favor of plaintiff if they found any one or more of the alleged assaults committed, and to allow her such damage as they might find she had suffered. A verdict of $250 was returned, upon which judgment for plaintiff was rendered. After judgment a motion for new trial was made on the ground of specific errors and because the verdict was contrary to evidence and was excessive, which motion was overruled. The defendant appeals only from the judgment.

The cause was submitted for the appellant on the brief of *H. V. Gard,* and for the respondent on that of *George C. Cooper.*

DODGE, J. The most obvious of the errors assigned is presented by an instruction to the jury to include as an element of damage to be compensated "loss of reputation." Respondent's counsel offers neither argument nor citation in support of the proposition that loss of reputation is an element of the general damages resulting from an assault, even when accompanied by sexual solicitation; indeed, seems to concede the contrary, but urges that the instruction could not injure defendant, because there was no evidence of any loss of reputation. The conclusion is *non sequitur.* Instruction to the jury to make allowance for such an element was a direct invitation to them to draw on conjecture or imagination as to its existence in absence of any evidence, and for that reason alone would be erroneous, even if the element mentioned would be proper as special damages when supported by the proofs. *Hickey v. C., M. & St. P. R. Co.* 64 Wis. 649, 26 N. W. 112; *Spencer v. C., M. & St. P. R. Co.* 105 Wis. 311, 81 N. W. 407; *Musbach v. Wis. Chair Co.* 108 Wis. 57, 84 N. W. 36.

The general question whether injury to reputation is ever a legitimate element of damage in an action for assault is not so simple as counsel's concession would seem to indicate, nor is it without authority, albeit somewhat conflicting. This

court has held that in an action for assault in ejecting plaint-
iff, a man, from a car, error was committed in directing al-
lowance for injury to reputation and to social and profes-
sional standing as a separate element of damage (*Schmitt v.
Milwaukee St. R. Co.* 89 Wis. 195, 61 N. W. 834) ; also that
it was not error to allow to a boy whose legs were both cut
off, through negligence, compensation for mortification and
anguish of mind suffered by reason of the mutilation and the
fact that he might "become an object of curiosity or ridicule
among his fellows," such damage being confined to the mental
pain, and not being allowed for actual loss of standing or pop-
ularity in the community (*Heddles v. C. & N. W. R. Co.* 77
Wis. 228, 46 N. W. 115).  Again, in *Barnes v. Martin*, 15
Wis. 240, 246, it was held that public odium resulting from
exposure at the trial of the transactions involved in an as-
sault could not be considered.  In *Hawn v. Banghart*, 76 Iowa,
683, 685, 39 N. W. 251,—an action for seduction with re-
sulting pregnancy—loss of social standing was held to be a
necessary and uniform result of such facts, and therefore a
proper element of damage.  In *Chicago & N. W. R. Co. v.
Williams*, 55 Ill. 185, 190, for ejection of plaintiff, a colored
woman, from the ladies' car, the element of "disgrace" was
held proper to be considered; but whether as a distinct ele-
ment, or merely as a circumstance affecting the plaintiff's
mental suffering, is not at all clear.  In *Wolf v. Trinkle*, 103
Ind. 355, 357, 3 N. E. 110—an action for assault with sex-
ual solicitation—the element of injury to plaintiff's good
repute and social standing, in addition to mental anguish and
sense of shame, was held proper, there being no discussion,
however, of the distinction between mental anguish and in-
jury to reputation and social position, the recovery being
supported by decisions in favor of the former class of non-
pecuniary injury.  In *Moyer v. Gordon*, 113 Ind. 282, 14
N. E. 476, for wrongful ejection of a tenant, it was held that
among the elements of compensatory damages is injury to

his pride and social position, though it is hardly apparent that the court intended to go further than to authorize compensation for the mental suffering affected by those considerations.

From this résumé of authorities, especially those in Wisconsin, it is plain that injury to reputation is by no means a universal or necessary result of assault. This is so even when aggravated by the circumstance of solicitation of a chaste and reputable woman to unlawful sexual intercourse. Of course, such circumstance may well be presumed to arouse most poignant sense of humiliation and feeling of disgrace, and the latter is doubtless so uniformly an accompaniment as to be an element of the general damages recoverable, but, if the affair be entirely secret, as it was in this case, it is obvious that no derogation of the plaintiff from her standing in the community usually results. Hence the conclusion is irresistible that without direct allegation of such injury as special damage, supported by proof, there can ordinarily be no recovery for this element of damage in an action for assault. We are not prepared to say that there may not be cases where the assault, especially when associated with attempts upon the chastity of a woman of pure character and good reputation, under circumstances of publicity, may not affect her fair name and her standing in the community to her actual, nay, pecuniary, damage. The proneness of the human mind to suspicion is such that the mere fact of sexual attempt upon a woman may arouse suspicion of conduct or character on her part to have invited it with hope of success, and the fact that she is known to have been so solicited may derogate from the pre-existing belief in her virtue and decorum. We shall not decide in the present case whether that may, under special circumstances of both allegation and proof, ever be an element of special damage in an action for assault. That is not the situation here, for there is neither allegation nor proof of any such facts. The recovery permissible in this

case was only for those general damages which so customarily accompany an assault that the law presumes them at least in some degree. As we have said, these do not include injury to reputation. Hence we conclude the instruction complained of was error.

Another error assigned is the insufficiency of the general verdict in this case, in the light of the instructions, to support a judgment. It is pointed out that here were three distinct and separate assaults and causes of action—one in November, one January 20th, and one January 23d. The evidence as to each, while substantially that of the two parties, was different from that offered with reference to the others. Obviously, the jury might have believed that one or two of these assaults had been committed, but not all, and the individual members of the jury might well have differed in this respect. One juryman may have believed that all three assaults were committed, but that $250 was adequate allowance of damages for the whole, but excessive for any one; another that only the November assault was committed, but still that $250 was proper damages therefor; still other jurymen may have been convinced against the November assault, but believed in the existence of one of those in January; and yet all might have agreed that the plaintiff had suffered some assault at the hands of the defendant for which $250 should be awarded, and no unanimous agreement as to the existence of any one of the assaults or the damages for each. That they might have done this under the charge of the court is apparent. They were instructed that plaintiff was entitled to recover if the jury found that the defendant did assault plaintiff either on November 15th, January 20th, or January 23d, "or at any one or two or more of these times." Each of these separate and distinct causes of action might have been sued upon separately, in which case, of course, all of the jury must have agreed upon the facts necessary to a recovery and upon the amount of damages to be awarded for each act.

The joining of the three distinct causes of action in one complaint and in one trial must not be permitted to deprive the defendant of his right to immunity unless there be a unanimous verdict against him on each of the causes. Such considerations led this court to reverse the judgment in *Schofield v. Millimore,* 74 Wis. 194, 42 N. W. 212, where there were two inconsistent causes of action, and under the instructions the jury might have found for the plaintiff upon either.

The question of the sufficiency of a mere general verdict in favor of the plaintiff in the presence of two or more distinct and separate causes of action has been the subject of consideration in many decided cases, and in the great majority of them it has been held that no judgment can be supported upon such a verdict; that it is the duty of the court to ascertain the conclusion of the jury upon each cause of action, either by taking a separate verdict thereon or by such inquiry of the jury as to leave no doubt. *Coffin v. Jones,* 11 Pick. 45; *Johnson v. Higgins,* 53 Conn. 236, 241, 1 Atl. 616; *Sayres v. Ward,* 3 N. J. Law, *1007; *Cock v. Weatherby,* 5 Smedes & M. (Miss.) 333; *Bricker v. M. P. R. Co.* 83 Mo. 391; *Robinson v. Berkey,* 100 Iowa, 136, 69 N. W. 434; *Union P. R. Co. v. Jones,* 49 Fed. 343; 2 Thompson, Trials, § 2640; 22 Ency. Pl. & Pr. 849. The exact subject has never been squarely decided in Wisconsin. The rule has been laid down that a general verdict upon a single cause of action will be presumed to have found upon all material issues, in the absence of showing to the contrary. *Krause v. Cutting,* 32 Wis. 687. Again, it has been held that a general verdict upon several counts, any one of which is bad, cannot sustain a judgment unless it affirmatively appear that the bad counts were excluded from consideration of the jury. *Dewey v. Fifield,* 2 Wis. 74, 81; *Lacher v. Will,* 6 Wis. 285; *Leitch v. C. & N. W. R. Co.* 93 Wis. 79, 67 N. W. 21. This rule is put upon the same ground as the decision in *Schofield v.*

Sletten v. Madison, 122 Wis. 251.

*Miltimore, supra,* namely, that, unless it appear to the contrary, the verdict is ambiguous and may have been founded upon the bad count. We have no doubt that under the rules of favorable consideration of proceedings in the courts below and the presumptions in favor of proper procedure a general verdict upon more than one cause of action may, under certain circumstances, suffice if the instructions be such that the jury can only have reached such single general verdict by a resolution of all the material issues in favor of that party; but we cannot resist either the volume or the reasoning of the authorities above cited, and must conclude, with them, that where there are several causes of action, each resolvable differently by the jury, and any one of which resolved in favor of the plaintiff might support the verdict, a mere general verdict in favor of the plaintiff involves too much of uncertainty to sustain a judgment. This does not necessitate a special verdict, but merely a separate general verdict as to each separate and distinct cause of action. *Robinson v. Berkey, supra.*

Error is also assigned because the court, in charging the jury, assumed and informed them that each of the assaults was characterized by kisses inflicted by defendant upon plaintiff, while as a matter of fact there was no claim that the last included such act. This doubtless was an oversight by the court, and possibly might have prejudicially affected the amount of damages. As a new trial must be ordered in any event, we need do no more than express the expectation that a repetition of the mistake will not occur.

Extended argument is made in favor of the contention that the verdict is excessive, but, inasmuch as there was no motion to set aside the verdict and for a new trial prior to judgment, and as the order denying motion for new trial made after judgment has not been brought up by appeal, we cannot consider any question of insufficiency of evidence to support the

verdict in this respect. *Lumsden v. Cross,* 10 Wis. 282; *Reed v. Madison,* 85 Wis. 667, 56 N. W. 182; *O'Toole v. State,* 105 Wis. 18, 20, 80 N. W. 915.

*By the Court.*—Judgment reversed, and cause remanded for new trial.