# TIMMONS v. KENRICK.

[No. 7,978.   Filed June 3, 1913.]

1. ASSAULT AND BATTERY.—*Actions.*—*Instructions.*—An instruction to return a verdict for plaintiff if the jury found that defendant requested plaintiff to have sexual intercouse with him, and in a rude and insolent manner, and with force, took hold of plaintiff, hugged and kissed her, felt her breasts and attempted to raise her clothing, and during all of that time implored her to yield to his solicitation, all of which was against her will, was not objectionable in failing to tell the jury that the assault and battery must be unlawful, since the facts stated in the instruction, if found to be true, constitute an assault and battery, and an assault and battery is necessarily unlawful. p. 491.

2. TRIAL.—*Province of Court and Jury.*—In the trial of a civil cause it is the province of the jury to ascertain the facts, and not to determine whether such facts are unlawful, since it is for the court to determine the law of the case. p. 492.

3. ASSAULT AND BATTERY.—*Elements of Damage.*—*Instructions.*— In an action for assault and battery, where there was no evidence that plaintiff had suffered loss of social position or injury to reputation, an instruction on the question of damages in an action for assault and battery which told the jury to assess such damages as the jurors thought plaintiff sustained as the direct result of defendant's conduct without limiting the jury to a consideration of the damages shown by the evidence, and which stated, among other things, that plaintiff may recover for loss of social position and injury to her reputation, was erroneous. *(Wolf v. Trinkel* [1885], 103 Ind. 355, and *Kelley v. Kelley* [1894], 8 Ind. App., 606, distinguished.)   pp. 492, 493.

4. APPEAL.— *Review.*— *Instructions.*— *Applicability to Evidence.*— Instructions must be applicable to the evidence, and the giving of one which is not applicable is reversible error, unless it affirmatively appears that no harm resulted therefrom.   p. 493.

5. ASSAULT AND BATTERY.—*Evidence.*—*Presumptions.*—*Reputation.* —*Social Position.*—It does not necessarily follow that one injured by an assault and battery has thereby suffered injury to reputation or loss of social position, but such loss, like other elements of damage, must be shown by evidence.   p. 493.

From Tippecanoe Circuit Court; *Richard P. DeHart,* Judge.

Action by Martha B. Kenrick against Jacob D. Timmons.

From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Reynolds & Sills* and *Thompson & McAdams,* for appellant.

*Robert C. Pollard, Charles R. Pollard, Jr.,* and *Joseph B. Ross,* for appellee.

Ibach, C. J.—Upon trial by jury, appellee recovered $675 for an alleged unlawful assault by appellant upon her person. The only errors presented to this court are in the giving of instructions Nos. 4 and 5 at appellee's request.

Instruction No. 4 is in the following words: "If the jury believe and find from the evidence that on June 2, 1910, the defendant went to the home of plaintiff in the

1. town of Pittsburg, Carroll County, Indiana, and then and there requested said plaintiff to have sexual intercourse with him, and then and there, in a rude and insolent manner, and with force, took hold of plaintiff, and hugged her, and kissed her, and felt her breasts, and attempted to raise her clothing, during all of which time said defendant implored plaintiff to yield to his solicitations and have sexual intercourse, all of which was against the will of said plaintiff, then your verdict will be for the plaintiff." It is claimed that this instruction is erroneous, because it does not tell the jury that the assault and battery must be unlawful. The instruction is not open to this objection. By it the jury was told that if it found certain facts from the evidence, it must find for the plaintiff, that is, it must find that the allegations of her complaint averring an unlawful assault and battery had been sustained. An assault and battery is necessarily unlawful, and when the facts constituting an assault and battery are shown, it is a mere redundant conclusion to state that the assault and battery is unlawful. There can be no doubt that the facts stated in the instruction would constitute an assault and battery. The jury was told that if it found certain facts, its verdict should be for the plaintiff. This was equivalent to telling

it that such acts were unlawful. The province of the

2. jury in a civil case is to ascertain the facts, not to decide whether certain acts are unlawful. It was the province of the court to declare the law of the case and it made correctly the conclusion of law that a state of facts such as that set out in the instruction would constitute an unlawful assault and battery. It had previously in other instructions given as a part of the same series with the one complained of, defined assault and battery, telling the jury that any injury actually done to the person of another in a rude and insolent manner, however slight the touching of the person, was unlawful, and an assault and battery. There was no error in giving instruction No. 4.

Instruction No. 5 is in the following words: "If you find for the plaintiff, you will assess in her favor such damages, within the amount claimed, as you think she has

3. sustained, and which will be a compensation to her for any loss or injury occasioned, which are the direct result of said defendant's conduct. In arriving at compensatory damages, the jury are not necessarily restricted to the naked pecuniary loss; for besides damages for pecuniary loss or injury, the jury may allow such as are the direct consequence of the act complained of, for injury to Mrs. Martha B. Kenrick's good repute, her social position, for physical suffering, bodily pain, anguish of mind, sense of shame, humiliation, and loss of honor." This was the only instruction on the measure of damages given. Appellant does not question that the elements of damages enumerated are proper under the averments of the complaint, but he claims that the instruction is erroneous, in that it does not restrict the jury to the consideration of the damage shown by the evidence, if any was shown; and he asserts that there was no testimony of any injury to appellee's good repute, or her social position, or of any loss of honor, nor any testimony from which such injury could be inferred. The general rule is that instructions must be applicable to the

evidence, and that if an instruction is given concerning a fact or state of facts, of which there is no evidence, it is reversible error, unless it appears affirmatively that the party complaining of the instruction was not harmed. *Southern R. Co.* v. *Crone* (1912), 51 Ind. App. 330, 99 N. E. 762; *Cleveland, etc., R. Co.* v. *Case* (1910), 174 Ind. 369, 91 N. E. 238, and authorities cited; *Summerlot* v. *Hamilton* (1889), 121 Ind. 87, 22 N. E. 973. In the present case there was not a syllable of evidence tending to show any loss of social position on the part of the plaintiff, nor was there a syllable of evidence as to her loss of reputation, nor as to what her reputation was. The presumption of law is that her reputation was good, and we must continue to presume that it has not been affected, in the absence of proof to the contrary. Social position is a matter to be established by proof. It does not necessarily follow from the fact that an assault and battery like that charged in the complaint has been committed, that the person assaulted has lost in reputation, social standing, or honor. Such loss is to be established like other elements of damage, by evidence, not necessarily direct evidence as to the amount of such damage, but at least evidence from which the jury could infer reasonably that there had been such loss. See, also, *Totten* v. *Totten* (1912), 172 Mich. 565, 138 N. W. 257, and *Sletten* v. *Madison* (1904), 122 Wis. 251, 99 N. W. 1020. But the jury in the present case was not restricted to the evidence in awarding damages. It was told to assess such damages as its members *thought she sustained* as the direct results of defendant's conduct, but was not limited to such damage as was shown in evidence. By this instruction the members of the jury were permitted to indulge in inference and speculation as to the amount of damages sustained, without limitation except the bounds of their own thoughts. We believe that instruction No. 5 was misleading to the jury, in authorizing it to consider elements of damage upon

which there was no evidence, and in not limiting it in its consideration of the amount of damage to the damage shown in evidence. We can not say that appellant was not harmed by the instruction, hence its giving constitutes reversible error.

Appellee relies upon the cases of *Wolf* v. *Trinkel* (1885), 103 Ind. 355, 3 N. E. 110; and *Kelley* v. *Kelley* (1894), 8 Ind. App. 606, 34 N. E. 1009, as supporting this instruction. We must admit that these cases lend strong color to her contention, yet we do not believe them controlling, in view of the universal rule that instructions must be applicable to the evidence. In the case of *Wolf* v. *Trinkel, supra,* instructions similar to the one under discussion were given, but it does not appear that the objection here considered was there presented to the court, nor does it appear that the evidence did not fully justify the giving of the instructions. In the case of *Kelley* v. *Kelley,* the instruction expressly restricted the jury to the consideration of certain elements of damage, if such damage *was shown.* Thus the jury was restricted to the evidence in its consideration of the amount of damages. Though the court in its opinion states that no evidence was introduced as to the extent of the damage for any of the injurious results, the effect of the opinion is only that the jury had a right to consider all the elements of damage without special proof as to the amount, and the impression to be gained from reading the opinion is that the evidence before the jury was such that it could find therefrom damages as to all the injurious results enumerated as elements of damage. In the present case there was no evidence from which the jury could find any loss of good repute, or of social position.

The judgment is reversed, and the cause remanded for new trial.

NOTE.—Reported in 102 N. E. 52. See, also, under (1) 3 Cyc. 1100; (2) 38 Cyc. 1511; (3) 3 Cyc. 1101; (4) 38 Cyc. 1612, 1617; (5) 3 Cyc. 1086, 1091.